(No. 38508.— ▮▮▮▮▮▮▮▮▮▮

L. COULTAS, d/b/a SCOTT GRAIN AND LAND COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (HAROLD K. HAYES, Appellee.)

*Opinion filed November 24, 1964.*

BROWN, HAY & STEPHENS, of Springfield, (ROBERT A. STUART, of counsel,) for appellant.

HARRY G. STORY, of Jacksonville, and ROBERTS & KEPNER, of Springfield, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

On October 17, 1962, the Industrial Commission entered an award in favor of Harold K. Hayes against L. Coultas d/b/a Scott Grain and Land Company. The circuit court of Morgan County affirmed the award and the case is here on direct appeal pursuant to Rule 28—1.

The claimant directs our attention to the bond filed for review of the compensation award and argues that since the bond does not conform with section 19(f)(2) of the Workmen's Compensation Act (Ill. Rev. Stat. 1961, chap. 48, par. 138.19), this appeal should be dismissed. That section provides that there shall be no judicial review of an award unless the one against whom the Commission shall have

rendered an award for the payment of money shall upon his request for such review file with the clerk of the court a bond conditioned that if he shall not successfully prosecute said review, he will pay the said award and the costs of the proceedings in the courts.

Although the award in this case was against L. Coultas d/b/a Scott Grain and Land Company, the bond was executed by the Scott Grain and Land Company, a corporation, as principal and Lillian G. Coultas, as surety. It was stated on oral argument that L. Coultas did not sign as principal on the bond because she was not the employer of the claimant and she was not doing business under the name of Scott Grain and Land Company.

Implicit in the Commission's decision were the findings that Scott Grain and Land Company, a corporation, was not the claimant's employer because it was not incorporated or authorized to do business in this State at the time of the injury and that L. Coultas, doing business as Scott Grain and Land Company, was the employer. This decision by the Commission, which had jurisdiction of the subject matter and of the parties, was binding and conclusive unless and until it was reversed on review. (*Lewin Metals Corp.* v. *Industrial Com.* 360 Ill. 371.) L. Coultas was the person against whom the Commission entered the award for money and it is she who must file her bond at the time she requests judicial review before such review may be had.

The trial court was without jurisdiction to hear the case on its merits inasmuch as the person against whom the award for money was made did not file her bond. The judgment of the circuit court is reversed and the cause remanded, with directions to quash the writ of *certiorari.*

*Reversed and remanded, with directions.*