(No. 50695.-

FIRESTONE TIRE AND RUBBER COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Sylvan E. Gray, Appellee.)

*Opinion filed January 12, 1979.*

Henry D. Noetzel & Associates, of Peoria (Henry D. Noetzel and William G. Gillies, of counsel), for appellant.

William A. Mueller, Jr., of Markowitz, Lawrence, Jennings, Naylor & Mueller, of Bloomington, for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Respondent, Firestone Tire and Rubber Company, appeals directly to this court (Supreme Court Rule 302(a) (58 Ill. 2d R. 302(a))) from the order of the circuit court of McLean County entered upon allowance of the motion of petitioner, Sylvan E. Gray, to quash the writ of *certiorari* issued pursuant to section 19(f)(1) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(f)(1)).

On April 12, 1977, an arbitrator for the Industrial Commission found that petitioner was injured while in the employ of the respondent and awarded him compensation

for a period of temporary total disability and for the permanent and complete loss of 15% of the use of his right leg. A petition for review of the arbitrator's decision filed by respondent was stamped "Received" by the Commission on May 27, 1977. The Industrial Commission dismissed respondent's petition for review for failure to file the petition within 15 days of receipt of the arbitrator's decision. (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(b).) Respondent sued out a writ of *certiorari,* which petitioner moved to quash on the ground that "the circuit court was without jurisdiction to review the award of the Industrial Commission because the party seeking review had failed to file a bond to secure payment of the award." The circuit court allowed the motion to quash and this appeal followed.

Section 19(f)(2) of the Workmen's Compensation Act in pertinent part provides:

> "No such writ of certiorari shall issue unless the one against whom the Commission shall have rendered an award for the payment of money shall upon the filing of his praecipe for such writ file with the clerk of the court a bond conditioned that if he shall not successfully prosecute the writ, he will pay the award and the costs of the proceedings in said courts. The amount of the bond shall be fixed by any member of the Commission and the surety or sureties of the bond shall be approved by the clerk of the court. The acceptance of the bond by the clerk of the court shall constitute evidence of the approval of the bond."

The Commission's order dismissing respondent's petition for review contained no provision fixing the amount of the bond. Respondent argues that "the burden of requesting the bond should be on the party for whose benefit the bond is set"; that "since no demand was made by employee he should be estopped from asserting the failure to post the bond as grounds for dismissal"; and that "by setting no bond the Commission in effect set bond at

zero."

In *Boalbey v. Industrial Com.* (1977), 66 Ill. 2d 217, 218, the court said:

"This court has stated that the circuit court has special statutory jurisdiction to review a decision of the Industrial Commission (under section 19(f) of the Act), but that the court has only those powers conferred by the statute. (*Interlake Steel Corp. v. Industrial Com.* (1975), 60 Ill. 2d 255, 262; *Peter H. Clark Lodge No. 483 v. Industrial Com.* (1971), 48 Ill. 2d 64, 69, and cases cited therein.) The corollary to the above proposition is that compliance with the statutorily prescribed conditions is necessary before the circuit court obtains subject matter jurisdiction. *Peter H. Clark Lodge No. 483 v. Industrial Com.* (1971), 48 Ill. 2d 64, 70, 71; *Moweaqua Coal Mining & Manufacturing Co. v. Industrial Com.* (1926), 322 Ill. 403, 405."

In *Village of Glencoe v. Industrial Com.* (1933), 354 Ill. 190, it was held that the filing of the bond pursuant to the statute was a jurisdictional requirement and in its absence the court was without jurisdiction. Although in *Republic Steel Corp. v. Industrial Com.* (1964), 30 Ill. 2d 311, *Village of Glencoe* was overruled to the extent that it had required, in addition to the filing of the bond, that it be approved by the clerk, the holding that the filing of the bond was requisite to conferring jurisdiction upon the circuit court was not modified.

We have considered respondent's contentions that because petitioner drew the order entered by the Industrial Commission, the failure to provide for a bond was a waiver of the requirement or, alternatively, that in failing to set the amount of bond "the Commission in effect set bond at zero," and we find both unacceptable. There was available to respondent the method provided in section 19(f) of the

Workmen's Compensation Act for the correction of errors in a decision, and it should have, within the time provided, sought an order fixing the amount of the bond.

In view of the conclusion reached that the court properly quashed the writ of *certiorari*, we need not and do not consider respondent's contentions concerning the timeliness of the filing of its petition for review before the Industrial Commission.

For the reasons stated, the judgment of the circuit court is affirmed.

*Judgment affirmed.*