(No. 53460.—

EUGENE LEE *et al.*, Appellants, v. THE INDUSTRIAL COMMISSION *et al.* (Jami R. Kennedy, Appellee).

*Opinion filed November 18, 1980.*

Peter F. Ferracuti & Associates, of Ottawa (Eric B. Deobler, of counsel), for appellants.

Hoffman & Mueller, of Ottawa (Melvin H. Hoffman, of counsel), for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

In this workmen's compensation case respondents, Eugene Lee and Jack Onofrey, partners doing business as Le Jac's, appeal directly to this court under Supreme

Court Rule 302(a) (73 Ill. 2d R. 302(a)). They seek review of an order of the circuit court of La Salle County quashing the writ of *certiorari* issued to review an award by the Industrial Commission of compensation and penalties to claimant, Jami R. Kennedy, under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(f)(1)).

Respondents did not appear at the hearing before the arbitrator. Claimant there testified that on June 17, 1978, while performing her duties as a waitress at respondent's tavern, she was carrying a pitcher of beer across the dance floor. A piece of metal used to hold the flooring down was "sticking up." She was wearing sandals and injured her left great toe on the metal. She went to the hospital the following morning, where the remaining part of the great toe nail was removed and stitches taken to close the wound. She could not wear shoes for some four months and was off work until October 17. The arbitrator awarded claimant compensation for 17 3/7 weeks of temporary total incapacity, amounting to $522.87 and $86 for medical expenses.

No payments were made, but respondents apparently sought review by the Commission. No new evidence was there introduced, and the record indicates that oral argument was waived. The Commission affirmed the arbitrator's award, but added the maximum penalty of $2,500 authorized for unreasonable delay in the payment of weekly compensation benefits during the period of temporary total disability (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(*l*)), an additional penalty of $261.43, representing 50% of the compensation awarded, for vexatious delay of payment and the institution and carrying on of proceedings which were merely frivolous or for delay (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(k)), $657 in attorney fees because of the vexatious delay and frivolous defenses (Ill. Rev. Stat. 1979, ch. 48, par. 138.16), and interest on

the arbitrator's award (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(n)).

Respondents sought *certiorari* from the circuit court, filing a bond which one of the partners signed as principal and the other signed a surety. Claimant moved to dismiss on the ground the partners were improperly acting in both capacities and that a bond in proper form was jurisdictional. That motion was allowed, and respondents' subsequent tender of a bond with the two partners as principals and a third person as surety was refused. Respondents' motion to vacate the order quashing the writ of *certiorari* was likewise denied, and this appeal followed.

Respondents assert the sole issue here is the propriety of the trial court's order quashing the writ. Claimant urges that we are without jurisdiction since that order was entered March 13, 1980, and notice of appeal was not filed until May 27. This argument is without merit. A posttrial motion was filed April 11 and denied May 9. Within the 30-day period thereafter, a notice of appeal was filed. It was timely. *Brady v. Industrial Com.* (1970), 45 Ill. 2d 469; *Young v. Madden* (1960), 20 Ill. 2d 506.

Claimant and the trial court have relied heavily upon *Coultas v. Industrial Com.* (1964), 31 Ill. 2d 527, in which this court held a bond which was not signed by the party against whom the award had been entered was insufficient to confer jurisdiction upon the circuit court. This case, of course, differs in that one of the two partner-respondents did sign the original bond. In *Peter H. Clark Lodge No. 483 v. Industrial Com.* (1971), 48 Ill. 2d 64, the employer seeking review failed to exhibit to the circuit court clerk a receipt showing payment of the cost of the record. In view of the express command of the statute that "no praecipe for a writ of certiorari may be filed and no writ of certiorari shall issue" unless the receipt were produced and exhibited (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(f)), our court held the circuit court did not acquire jurisdic-

tion. We do not regard that holding as persuasive here. Nor do we regard the holding in *Firestone Tire & Rubber Co. v. Industrial Com.* (1979), 74 Ill. 2d 269, that failure to file a bond deprives the trial court of jurisdiction as apposite here since respondents did file a bond, although its form was irregular.

Section 19(f)(2) of the Workmen's Compensation Act in pertinent part provides:

> "No such writ of certiorari shall issue unless the one against whom the Commission shall have rendered an award for the payment of money shall upon the filing of his praecipe for such writ file with the clerk of the court a bond conditioned that if he shall not successfully prosecute the writ, he will pay the award and the costs of the proceedings in the courts. The amount of the bond shall be fixed by any member of the Commission and the surety or sureties of the bond shall be approved by the clerk of the court. The acceptance of the bond by the clerk of the court shall constitute evidence of the approval of the bond." (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(f)(2).)

The original bond was apparently accepted and filed by the clerk of the circuit court, thus evidencing its approval by him. Its form and sufficiency were thereafter attacked by claimant's motion to quash the writ of *certiorari* which was allowed. Respondents' subsequent tender of a bond in proper form in connection with its motion to vacate the order quashing the writ should have, in our judgment, been accepted and the sufficiency of the surety on that bond determined.

This court's statements in *Smith v. Estate of Womack* (1957), 12 Ill. 2d 315, and *Republic Steel Corp. v. Industrial Com.* (1964), 30 Ill. 2d 311, are apposite here. In *Smith* the appellant in a probate case had failed to give notice, as specifically required by statute, of the time when his appeal bond would be presented to the court for approval. The court, in holding the requirement nonjurisdictional, stated:

"In construing and applying statutes relating to jurisdiction there must be substantial compliance with the provisions of the statute conferring jurisdiction on the court, but the construction is not to be so narrow or technical as to defeat the intention of the act or the beneficial results thereof, where all material provisions of the statute have been complied with. (*Hopkins v. Gifford*, 309 Ill. 363; *Kennedy v. Borah*, 226 Ill. 243.) The courts have always been liberal in construing the appeal statute prior to the amendment here involved. In *Mundy v. Mundy*, 230 Ill. App. 266, the court said that almost any attempt made in good faith to execute an appeal bond requires the courts to allow such amendment as will obviate the imperfection. In construing the Civil Practice Act the courts have held that while that act requires that notice be served on the appellee of the taking of an appeal to the Appellate or Supreme Court, and while the statutes or rules have long required notifying an appellee of the filing of a *praecipe* for record, such steps are not jurisdictional. *People ex rel. Sandberg v. Grabs*, 373 Ill. 423; *Rowan v. Matanky*, 348 Ill. App. 296." 12 Ill. 2d 315, 317.

In *Republic Steel* this court overruled its earlier holding in *Village of Glencoe v. Industrial Com.* (1933), 354 Ill. 190, that the circuit clerk's failure to approve the bond in writing deprived the court of jurisdiction, noting:

"The tendency is to simplify procedure, to honor substance over form and to prevent technicalities from depriving a party of the right to be heard. This is exemplified by the Practice Act, which became effective just a few days after the *Glencoe* decision became final, and its liberal interpretation by the courts since that time.

The statute does not require written approval

by the clerk on the face or any other part of the bond. Where, as here, the clerk accepts a bond tendered to him and files it without objection, there is a presumption of approval and it is unnecessary for him to indorse his approval upon the bond to satisfy the statute. The holding in *Village of Glencoe v. Industrial Com.* 354 Ill. 190, is overruled in so far as it requires formal written approval of a bond by the clerk. This view is more nearly in accord with the holdings relative to approval of bonds on appeal, (*Waldo v. Averett*, I Scam. 487; *Commerce Vault Co. v. Hurd*, 73 Ill. App. 107; *Barker v. Smith*, 90 Ill. App. 595; *Smith v. Ammen*, 101 Ill. App. 144,) which indicate that acceptance of the bond by the proper officer constitutes approval of the bond." 30 Ill. 2d 311, 313.

We believe, in accordance with the tenor of these cases, that the trial court should have proceeded to determine the sufficiency of the bond tendered in connection with the post-trial motion. If found sufficient, the merits of the appeal should then be considered.

The judgment of the circuit court of La Salle County is accordingly reversed, and the cause remanded with directions.

*Reversed and remanded,*
*with directions.*