DEICHMUELLER CONSTRUCTION COMPANY, Appellant, v. THE IN-
DUSTRIAL COMMISSION *et al.* (Richard Urbanski *et al.*, Appellees).—
RICHARD URBANSKI, Appellant, v. THE INDUSTRIAL COMMISSION
*et al.* (S.J. Groves, Inc., *et al.*, Appellees).

Third District (Industrial Commission Division)   Nos. 3—90—0411WC,
3—90—0434WC cons.

Opinion filed June 17, 1991.—Rehearing denied July 25, 1991.

Pamela K. Harman, of Cohn, Lambert, Ryan, Schneider & Harman, Ltd., of Chicago, for appellee S.J. Groves, Inc.

Kevin Luther, of Heyl, Royster, Voelker & Allen, of Rockford, for Deichmueller Construction Co.

Peter F. Ferracuti and Mark A. Schindler, both of Law Offices of Peter F. Ferracuti, P.C., of Ottawa, for Richard Urbanski.

JUSTICE LEWIS delivered the opinion of the court:

Claimant, Richard Urbanski, filed two applications for adjustment of claim under the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*) for injuries he sustained while working for two unrelated respondents, S.J. Groves, Inc. (Groves), on July 22, 1986, and Deichmueller Construction Company (Deichmueller) on July 23, 1986. The claimant's applications were consolidated for hearing before the arbitrator. Following the arbitration hearings, the arbitrator found that the claimant's injuries arose out of and in the course of his employment with both of the respondents and made the respondents jointly and severally liable for the benefits awarded the claimant. The arbitrator determined that the claimant had become permanently and totally disabled as of July 23, 1986, and awarded him benefits for life. Additionally, the arbitrator awarded the claimant medical expenses in the amount of $311,679.43. The arbitrator also awarded the claimant attorney fees and penalties against both of the respondents. Both of the respondents appealed the arbitrator's decision to the Industrial Commission (Commission), and, on appeal, the Commission reversed the portion of the arbitrator's decision in which the arbitrator found that the claimant's condition of ill-being was causally connected to his employment with Groves on July 22, 1986. However, the Commission determined that the claimant's condition of ill-being arose out of and in the course of his employment with Deichmueller and that Deichmueller was solely liable for the payment of the claimant's benefits. In addition, the Commission reversed the arbitrator's decision as to attorney fees and penalties and increased the amount of medical expenses to which the claimant was entitled to $533,554.62.

Subsequently, Deichmueller and the claimant sought review of the Commission's decision before the circuit court. On July 18, 1989,

Deichmueller filed a request for issuance of summons and a receipt of payment of the cost of the record to the Commission. On that same day, Deichmueller's attorney filed a bond on behalf of Deichmueller which the attorney had signed as principal. The bond was also signed by a representative of Deichmueller's insurance company as surety. Deichmueller's and the claimant's appeals before the circuit court were consolidated upon motion of the respondent.

On August 16, 1989, Groves filed a special and limited appearance for the purpose of contesting the jurisdiction of the circuit court to consider Deichmueller's appeal. Also on that date, Groves filed a motion to quash summons and to dismiss Deichmueller's appeal. The circuit court denied Groves' motion to quash and to dismiss and considered Deichmueller's and the claimant's appeals. Ultimately, the circuit court confirmed the Industrial Commission's decision, and both Deichmueller and the claimant appeal. Deichmueller's and the claimant's appeals were consolidated in this court upon the motion of the parties.

Numerous issues were presented by Deichmueller on appeal. Similarly, the claimant also raised numerous issues; however, the issues raised by the claimant were not new issues but were either the same issues raised by Deichmueller (which pertained to adverse rulings against Deichmueller and favorable rulings for Groves) or were a response to issues raised by Deichmueller which pertained to rulings concerning the claimant alone. In Groves' answer brief, Groves raised the issue that the circuit court did not have subject matter jurisdiction to consider Deichmueller's appeal because Deichmueller's bond was defective. Because the jurisdictional issue raised by Groves disposes of this appeal, it is unnecessary to reiterate the issues raised by Deichmueller and the claimant and to set forth the evidence relating to those issues.

The basis of Groves' contention that the circuit court did not have subject matter jurisdiction to consider Deichmueller's appeal is that the bond filed by Deichmueller was defective. Groves argues that the bond was signed by Deichmueller's attorney as principal rather than by a representative of Deichmueller in contravention of the language of section 19(f)(2) of the Workers' Compensation Act, and therefore, the jurisdiction of the court was not properly invoked. (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(f)(2).) Groves cites *Illinois Armored Car Corp. v. Industrial Comm'n* (1990), 205 Ill. App. 3d 993, 563 N.E.2d 951, as controlling in this case. Deichmueller responds that under the controlling case of *Lee v. Industrial Comm'n* (1980), 82 Ill. 2d 496, 413 N.E.2d 425, the circuit court did have subject matter jurisdiction

because the circuit clerk accepted and filed its bond. Furthermore, Deichmueller argues that because it ratified its attorney's signing of the bond when it filed its affidavit, stating that its attorney had the authority to sign on Deichmueller's behalf, Deichmueller's attorney was expressly authorized to act on its behalf and was acting as its agent at the time of the filing of the bond, and the circuit court had subject matter jurisdiction.

■■ ■ The statute provides the guidelines as to what must be done to appeal a workers' compensation case from the Commission to the circuit court. Section 19(f)(1) requires a written request for issuance of summons be made within 20 days of receipt of the Commission's decision before the jurisdiction of the circuit court can be invoked. (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(f)(1).) In addition, at the time of the filing of the written request for issuance of summons and before the summons can be issued, either a receipt of payment or an affidavit of the attorney stating that payment has been made to the Commission for the cost of the record (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(f)(1)) and a bond must be tendered to the circuit clerk (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(f)(2)). Section 19(f)(2) provides that the summons shall not issue "unless the one against whom the Commission shall have rendered an award for the payment of money shall upon the filing of his written request for such summons file with the clerk of the court a bond conditioned that if he shall not successfully prosecute the review, he will pay the award and the costs of the proceedings in the courts." (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(f)(2).) Thus, it is evident from the language of section 19(f)(2) that the bond is to be executed by the party against whom the award has been made, in this case, Deichmueller.

Here, Deichmueller filed a timely bond; however, a representative of Deichmueller did not sign the bond as principal. Nothing in the record at the time of the filing of the bond or during the 20-day time frame for filing appeal documents indicated that Deichmueller's attorney had the authority, either actual or implied, to obligate Deichmueller to pay the bond. The affidavit filed by Deichmueller for the apparent purpose of ratifying its attorney's actions was not filed until November 2, 1989, well beyond the time for filing appeal documents.

■■ A review of *Illinois Armored Car Corp.* (205 Ill. App. 3d 993, 563 N.E.2d 951) reveals that the facts of the case *sub judice* are identical to the facts of that case. In *Illinois Armored Car Corp.*, the respondent timely filed a bond which the employer's attorney had signed as principal. There, as here, a representative of the insurance company signed the bond as surety. Similarly, the employer in *Illinois*

*Armored Car Corp.* filed a sworn affidavit ratifying its attorney's authority to sign the bond after the statutory time for filing appeal documents had expired. The same arguments raised by the respondent in the instant case were also raised by the respondent in *Illinois Armored Car Corp.*, *i.e.*, that the attorney was the employer's agent and had authority to sign the bond for the employer under agency law, and, alternatively, that *Lee v. Industrial Comm'n* was controlling and the ratification provided after the running of the statutory time period was sufficient to ensure jurisdiction. This court found that the circuit court's jurisdiction was not properly invoked in *Illinois Armored Car Corp.*, as the circuit court exercises only special statutory jurisdiction in workers' compensation cases, and, thus, the statutory requirements to invoke this jurisdiction require strict compliance. (*Illinois Armored Car Corp.*, 205 Ill. App. 3d 993, 563 N.E.2d 951.) This court further determined in *Illinois Armored Car Corp.* that *Lee v. Industrial Comm'n* was distinguishable as one respondent-partner signed the bond as principal while the other partner signed the bond as surety, and, as such, the one partner's signature as principal could obligate the employer for the amount of the bond. In other words, a person with corporate authority signed the bond as principal. Thus, although both partners did not sign the original bond, an amended bond which was subsequently filed bearing both of the partners' signatures as principal was acceptable, even though it was filed after the 20 days required by the statute. Here, there was no authority given to Deichmueller's attorney during the 20-day filing period under which it could be said that the attorney could obligate the respondent to pay the amount of the bond. If it is not evident that the respondent is obligated by the bond during the 20-day filing period, the purpose of the bond, that a claimant has a method of collecting on an award against the respondent, is defeated, and strict compliance with the statute has not been met. Thus, for the same reasons expressed in *Illinois Armored Car Corp.*, the circuit court in the instant case did not have subject matter jurisdiction to hear the appeal of Deichmueller. Because the circuit court lacked jurisdiction of Deichmueller's appeal, we likewise do not have jurisdiction.

■ Groves also argues that even though Deichmueller's appeal cannot be considered because of the failure to abide strictly by the statutory requirements to invoke the court's jurisdiction, nevertheless, the claimant timely filed his appeal and his appeal remains to be considered. However, Groves contends that the claimant's appeal is moot as his appeal does not raise any issue regarding the Commission's decision in which the claimant was prejudiced or in which the claimant's

interest was adversely affected. As was noted previously, the issues raised by the claimant were the same as those raised by Deichmueller, *i.e.*, that the Commission's determinations, that Groves was not jointly and severally liable and that claimant's condition of ill-being was not causally connected to his employment with Groves but was causally connected only to his employment with Deichmueller, were against the manifest weight of the evidence. Resolution of the issues raised by the claimant would neither increase his award nor decrease his ability to collect his benefits. The resulting situation is that the claimant has an employer who is liable to pay his benefits, and he can achieve nothing more through his appeal. It is well established that an appellant can appeal only from those rulings prejudicial to him. (*Riley v. Physicians Weight Loss Centers, Inc.* (1989), 192 Ill. App. 3d 23, 548 N.E.2d 811; *Prince v. Atchison, Topeka & Sante Fe Ry. Co.* (1979), 76 Ill. App. 3d 898, 395 N.E.2d 592.) Here, the claimant was awarded benefits and medical expenses by the Commission; therefore, it cannot be said that he was prejudiced by the Commission's ruling. We will not consider the claimant's appeal simply to determine an abstract question of law.

For the foregoing reasons, the judgment of the circuit court of La Salle County, denying Groves' motion to quash summons and to dismiss Deichmueller's appeal, is reversed and remanded, with directions to quash the summons. Additionally, the claimant's appeal is dismissed since there was no adverse ruling against him.

No. 3—90—0411WC, Reversed and remanded with directions.
No. 3—90—0434WC, Appeal dismissed.

McCULLOUGH, P.J., and McNAMARA, WOODWARD, and STOUDER, JJ., concur.