FREEDOM GRAPHIC SYSTEMS, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Richard Keefe, Appellee).

First District (Industrial Commission Division)   No. 1—03—0194WC

Opinion filed December 31, 2003.

Robert L. Sklodowski, of Franklin Park, for appellant.

Alholm, Monahan, Keefe & Klauke, L.L.C., and Keefe & Associates, both of Chicago, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant, Richard Keefe, filed an application seeking benefits for injuries from employer, Freedom Graphic Systems, Inc., pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2000)). On December 3, 2001, the arbitrator concluded that claimant suffered compensable injuries on June 4, 2001, and awarded claimant $140,040.60 for outstanding medical bills and prospective medical care. On July 23, 2002, the Industrial Commission (Commission) affirmed and adopted the arbitrator's decision. On November 6, 2002, the circuit court dismissed employer's action seeking administrative review of the Commission's decision.

On appeal, employer argues that the trial court erred in dismissing employer's action for administrative review where (1) employer's timely filed bond, while lacking the signature of the principal, was otherwise valid and complied with section 19(f) of the Act; (2) the circuit court clerk accepted the bond, notwithstanding the lack of signature of a principal; and (3) it should have ordered the unsigned bond to be signed or ordered a signed bond substituted *nunc pro tunc*. In his brief, claimant requests sanctions against employer, asserting that employer's appeal is unsupported by Illinois law and was filed solely for purposes of delay. We affirm and deny claimant's request for sanctions.

Employer sought administrative review of the July 23, 2002, Commission decision in favor of claimant. On August 9, 2002, employer filed a cause of action with the circuit clerk of Cook County and a bond pursuant to section 19(f) of the Act. However, on the face of the bond, the signature line for the surety was stamped, not signed, and the signature line for the principal was blank. The circuit clerk's office applied its seal to indicate the document was filed.

On September 16, 2002, employer filed a motion for leave to file a fully signed bond. On September 17, claimant filed a motion to dismiss. On November 6, 2002, the circuit court granted claimant's motion to dismiss, concluding the clerk's office did not have the authority to accept a bond not signed by the principal.

The circuit court denied employer's motion to reconsider, concluding that the Act strictly requires a principal to sign the bond. Because no principal signed the bond in this case, the court determined it lacked subject-matter jurisdiction. The court declined to rule *nunc pro tunc* to allow amendment of the bond form to allow the principal to execute the bond outside the statutory period. This appeal followed.

Employer first argues that its bond, while lacking the signature of the principal, either wholly or substantially complied with section 19(f)(2) of the Act. We disagree.

■ Section 19(f)(2) of the Act provides, in pertinent part:
"No such summons shall issue unless the one against whom the Commission shall have rendered an award for the payment of money shall upon the filing of his written request for such summons file with the clerk of the court a bond conditioned that if he shall not successfully prosecute the review, he will pay the award and the costs of the proceedings in the courts. The amount of the bond shall be fixed by any member of the Commission and the surety or sureties of the bond shall be approved by the clerk of the court. The acceptance of the bond by the clerk of the court shall constitute evidence of his approval of the bond." 820 ILCS 305/19(f)(2) (West 2002).

■ While Illinois circuit courts are courts of general jurisdiction and are presumed to have subject-matter jurisdiction, to vest the circuit court with subject-matter jurisdiction in workers' compensation cases, the party bringing the action must strictly comply with the bond requirements of section 19(f)(2). See *Kavonius v. Industrial Comm'n*, 314 Ill. App. 3d 166, 168-69, 731 N.E.2d 1287, 1290 (2000). The filing of a bond is jurisdictional in nature. *Firestone Tire & Rubber Co. v. Industrial Comm'n*, 74 Ill. 2d 269, 272, 384 N.E.2d 1329, 1331 (1979). A bond not signed by the party against whom the award has been entered is insufficient to confer jurisdiction upon the circuit

court. *Coultas v. Industrial Comm'n*, 31 Ill. 2d 527, 528, 202 N.E.2d 485, 486 (1964).

Similar to *Coultas*, the bond filed in this case was not executed by any principal. However, in *Coultas*, respondent employer signed the bond as surety while her corporation signed as the principal. *Coultas*, 31 Ill. 2d at 528, 202 N.E.2d at 486. The supreme court concluded that the circuit court was without jurisdiction where the bond was not signed by the party against whom the award was made. *Coultas*, 31 Ill. 2d at 528, 202 N.E.2d at 486. It concluded that the case was treated as if the principal did not file her bond. *Coultas*, 31 Ill. 2d at 528, 202 N.E.2d at 486.

■ In this case, employer has an even less compelling case than the employer in *Coultas*. Here, the bond form contained no signature of the principal anywhere on the form. The circuit court properly treated the bond as not having been filed at all. See *Coultas*, 31 Ill. 2d at 528, 202 N.E.2d at 486; *Firestone Tire & Rubber*, 74 Ill. 2d at 272-73, 384 N.E.2d at 1331 (respondent has the responsibility to file a bond and failure to do so deprives the circuit court of jurisdiction); *cf. Lee v. Industrial Comm'n*, 82 Ill. 2d 496, 499, 413 N.E.2d 425, 427-28 (1980) (party seeking review allowed to cure where at least one principal signs in such capacity).

The purpose of requiring a bond is to bind the principal. A bond without a principal's signature does not further that purpose. See *First Chicago v. Industrial Comm'n*, 294 Ill. App. 3d 685, 689-90, 691 N.E.2d 134, 137-38 (1998) (the "signing individual's identity ultimately controls the outcome of the motion to dismiss the appeal"). A bond is insufficient where the signature is one other than that of the principal because such a signature would not bind the corporation to payment of the bond. *Deichmueller Construction Co. v. Industrial Comm'n*, 151 Ill. 2d 413, 414-16, 603 N.E.2d 516, 517 (1992).

Employer asserts that the "signature of the obligor is not required for validity" of bonds filed under section 19(f)(2). Illinois case law suggests otherwise. See *Deichmueller*, 151 Ill. 2d at 414-15, 603 N.E.2d at 517 (because no representative of employer signed bond as principal, attorney could not obligate employer to pay bond); *Coultas*, 31 Ill. 2d at 527-28, 202 N.E.2d at 486 (person against whom judgment was entered must execute bond); *Berryman Equipment v. Industrial Comm'n*, 276 Ill. App. 3d 76, 79, 657 N.E.2d 1039 (1995) (filing of bond signed by attorney rather than person authorized to bind party is not sufficient to grant subject-matter jurisdiction under section 19(f)(2)). Further, in *Illinois Armored Car Corp. v. Industrial Comm'n*, 205 Ill. App. 3d 993, 996, 563 N.E.2d 951, 954 (1990), the court specifically held that section 19(f) requires execution of a bond by the

employer against whom the award is made. To "execute" a document is to "make (a legal document) valid by signing." Black's Law Dictionary 589 (7th ed. 1999).

To accept a bond without a signature by the principal and deeming the circuit clerk's acceptance of the bond as conclusive would release the principal from its obligation to pay the bond. Employer admits in his brief that "the fact that an obligor has not signed a bond may constitute a defense which the obligor can raise to his obligation thereon." If the signature of one other than the principal does not bind employer, neither would an absent signature. Because it is not evident that employer is " 'obligated by the bond during the 20-day filing period, the purpose of the bond, that a claimant has a method of collecting on an award against the respondent, is defeated, and strict compliance with the statute has not been met.' " *Deichmueller*, 151 Ill. 2d at 415, 603 N.E.2d at 517, quoting *Deichmueller Construction Co. v. Industrial Comm'n*, 215 Ill. App. 3d 272, 276, 574 N.E.2d 1208, 1211 (1991). Because section 19(f) strictly requires a principal's signature on the bond form, the circuit court properly dismissed the action for lack of subject-matter jurisdiction.

■ Employer next contends that the circuit court was required to deny claimant's motion to dismiss for lack of subject-matter jurisdiction where the circuit clerk's office accepted the bond, albeit without the signature of a principal. In support of his argument, he cites *Chadwick v. Industrial Comm'n*, 154 Ill. App. 3d 859, 507 N.E.2d 878 (1987), and *Republic Steel Corp. v. Industrial Comm'n*, 30 Ill. 2d 311, 196 N.E.2d 654 (1964).

In *Chadwick*, the claimant sought administrative review of a Commission decision pursuant to section 19(f)(1). *Chadwick*, 154 Ill. App. 3d at 860, 507 N.E.2d at 879. The employer filed a motion to quash, alleging that the claimant failed to strictly comply with section 19(f)(1) because, although he named the employer as a party in interest and listed the name and address of the employer's attorney, the claimant failed to list the employer's address, as required under section 19(f)(1). *Chadwick*, 154 Ill. App. 3d at 860, 507 N.E.2d at 879. On appeal, the issue was whether the motion to quash was improperly granted where claimant's written request for summons substantially complied with the requirements of section 19(f)(1). *Chadwick*, 154 Ill. App. 3d at 860-61, 507 N.E.2d at 880. The appellate court concluded that although claimant did not strictly comply with section 19(f)(1), she gave sufficient information for the clerk to properly notify the respondent and its attorney of the pending appeal. *Chadwick*, 154 Ill. App. 3d at 862, 507 N.E.2d at 881.

*Chadwick* does not support employer's argument here. Case law

indicates that different parts of the Act, including different provisions of section 19(f), are treated differently regarding strict- and substantial-compliance requirements. *Chadwick* does not address the lack of a principal's signature on a bond.

In *Republic Steel*, the employer sought administrative review of a Commission decision in favor of the claimant. *Republic Steel*, 30 Ill. 2d at 311, 196 N.E.2d at 655. The employer applied for a writ of *certiorari* and presented a surety bond of $20,000 to the clerk of the court. The clerk orally approved the surety and identification of the attorney who executed the bond for the employer. The clerk marked the application and the bond as "filed" and registered the bond. Claimant filed a motion to quash the writ, which the circuit court granted. *Republic Steel*, 30 Ill. 2d at 312, 196 N.E.2d at 655.

On appeal, the issue was whether section 19(f) required *written* approval by the clerk of the bond. *Republic Steel*, 30 Ill. 2d at 312-13, 196 N.E.2d at 655-56. The Supreme Court of Illinois concluded that the statute did not require written approval. *Republic Steel*, 30 Ill. 2d at 313, 196 N.E.2d at 655-56.

Neither *Chadwick* nor *Republic Steel* addresses the conclusiveness of clerk approval. The plain language of section 19(f)(2) indicates that the circuit clerk's acceptance of the bond is not dispositive for purposes of subject-matter jurisdiction. This interpretation is consistent with recent cases dealing with an attorney's signature as principal. See, *e.g.*, *Deichmueller*, 151 Ill. 2d 413, 603 N.E.2d 516; *Berryman Equipment v. Industrial Comm'n*, 276 Ill. App. 3d 76, 657 N.E.2d 1039 (1995).

Moreover, the language of the statute indicates that circuit clerk approval relates only to the surety, not the principal. Section 19(f)(2) discusses the fact that *sureties* must be approved by the clerk of the court. 820 ILCS 305/19(f)(2) (West 2002). In context, the scope of "approval" of the circuit clerk refers only to approval of surety, not the principal. While issues related to the sufficiency of surety have been analyzed under the doctrine of substantial compliance (see *Lee*, 82 Ill. 2d at 500, 413 N.E.2d at 427), cases involving the sufficiency of the signature of principal have been scrutinized under a strict-compliance standard (see *Deichmueller*, 151 Ill. 2d at 415, 603 N.E.2d at 517; *Coultas*, 31 Ill. 2d at 527-28, 202 N.E.2d at 486). In the strict-compliance cases, the bond was filed with the clerk's office, but the fact that the office filed the bond did not control.

Employer cites no case that indicates clerk approval is dispositive of the sufficiency of the bond for jurisdictional purposes. If this proposition held true, the bonds filed in the recent cases involving an attorney signing as principal would have been valid merely because

someone in the clerk's office made a clerical error. Such an error does not automatically confer subject-matter jurisdiction on the circuit court. Clerk approval of a bond is not dispositive for purposes of subject-matter jurisdiction. The trial court properly dismissed employer's cause of action.

■ Employer last argues that, assuming that a bond signed by the principal is required, the trial court should have ordered the unsigned bond to be signed or a signed bond substituted *nunc pro tunc* to satisfy the 20-day filing period.

In *Berryman Equipment*, 276 Ill. App. 3d at 78, 657 N.E.2d at 1040, the appellate court, citing *Deichmueller*, stated that an attempt to cure a defective bond as to the principal signature was insufficient when filed beyond the 20-day statutory period. In that case, nothing was on file with the circuit court within the 20-day period that attempted to cure a bond submitted with only the attorney's signature on the principal line. *Berryman*, 276 Ill. App. 3d at 78, 657 N.E.2d at 1040. Because employer did not attempt to either sign the bond or submit a signed bond in place of the unsigned one within the 20-day period, the circuit court had no subject-matter jurisdiction. *Berryman*, 276 Ill. App. 3d at 78-79, 657 N.E.2d at 1041. The court would have had no authority to allow the employer in that case to file a new bond after the statutory period, *nunc pro tunc* or otherwise.

Here, similar circumstances exist. Employer filed a bond without the signature of a principal and did not attempt to cure the error until the 20-day statutory period had expired. Because strict compliance was required and the circuit court was without subject-matter jurisdiction, the court could not allow employer to cure by either signing the bond or filing another bond *nunc pro tunc*. To the extent the circuit court lacked jurisdiction, this court would also lack the jurisdiction to enter such an order.

■ In his brief, claimant requests sanctions because he believes employer's appeal is unsupported by Illinois law and was filed for the sole purpose of delay. However, claimant cites to no case law and, in fact, no authority at all except for a vague reference to "applicable Illinois Supreme Court Rule" in making his request. Nor does he cite to any part of the record when referring to "meritless" arguments made before the trial court, or in showing the appeal was taken for purposes of delay. Regardless, a review of the record on appeal and employer's arguments in its brief reveals no violation of Illinois Supreme Court Rule 375(b). 155 Ill. 2d R. 375(b). We deny claimant's request for sanctions.

For the reasons stated, we affirm the circuit court's judgment and deny claimant's request for sanctions.

Affirmed.

GREIMAN, CALLUM, HOLDRIDGE, and GOLDENHERSH, JJ., concur.