RESIDENTIAL CARPENTRY, INC., Plaintiff-Appellant, v. RANDY KENNEDY, Defendant-Appellee.

First District (Illinois Workers' Compensation Commission Division)

No. 1—06—1705WC

Opinion filed November 13, 2007.

Steven M. Pontikes, of Steven M. Pontikes & Associates, of Chicago, for appellant.

Thomas Lichten, of Thomas R. Lichten, Ltd., of Chicago, for appellee.

JUSTICE GROMETER delivered the opinion of the court:

Respondent, Residential Carpentry, Inc., appeals an order of the circuit court of Cook County dismissing its appeal for want of jurisdiction. We affirm.

Claimant, Randy Kennedy, filed an application for adjustment of claim pursuant to the Illinois Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2002)) alleging that he injured his lower left extremity while in respondent's employ. Following a hearing, the arbitrator found that claimant sustained injuries that arose out of and in the course of his employment and that claimant's present condition of ill-being was causally related to the injury. The arbitrator awarded claimant temporary total disability (TTD) benefits of $314.13 per week for 13⁵/₇ weeks, permanent partial disability (PPD) benefits of $282.72 per week for 31 weeks (representing 20% loss of use of claimant's left foot), and medical expenses in the amount of $1,480. The arbitrator also found that respondent unreasonably and vexatiously delayed and refused payment of TTD benefits and medical expenses to claimant. As such, the arbitrator awarded penalties of $2,894.04 under section 19(k) of the Act (820 ILCS 305/19(k) (West 2002)), penalties of $950 under section 19(l) of the Act (820 ILCS 305/19(l) (West 2002)), and attorney fees and costs of $1,347.61 under section 16 of the Act (820 ILCS 305/16 (West 2002)).

Respondent appealed the matter to the Illinois Workers' Compensation Commission (Commission). On June 6, 2005, the Commission affirmed the decision of the arbitrator with respect to TTD, PPD, and medical expenses, but modified the awards of penalties and attorney fees. The Commission fixed the bond for removal of the cause to the circuit court by respondent at $14,700, and the probable cost of preparing the record of proceedings at $35. See 820 ILCS 305/19(f) (West 2002). Respondent received the decision on June 9, 2005. On June 28, 2005, respondent paid $35 to the Commission for preparation of the record on appeal and was provided a receipt for the payment. On June 29, 2005, respondent filed with the circuit court the receipt as well as a civil action cover sheet. The clerk docketed the cause as No. 05—L—050607. On the same date, respondent filed in the circuit court a "Request for Summons" with a return date of July 26, 2005. The request for summons listed the names and last known addresses of the parties in interest and their attorneys of record. Respondent also

filed with the clerk a summons issued to claimant and his attorney, a summons issued to the Commission, and an appeal bond. Both summonses identified the decision to be reviewed as the June 6, 2005, decision. The clerk certified that it served the summonses by mail on June 29, 2005. The obligation of the appeal bond was limited to $14,700.

Meanwhile, on June 17, 2005, claimant filed a motion to recall the Commission's June 6, 2005, decision, for the correction of a clerical error. In his motion, claimant noted that the arbitrator awarded penalties of $2,894.04 under section 19(k) of the Act (820 ILCS 305/19(k) (West 2002)), but that the Commission's decision inadvertently omitted this penalty. According to respondent, it did not become aware of this motion until after it filed its appeal in the circuit court. On July 1, 2005, the Commission issued an order of recall and vacated its June 6, 2005, decision. Simultaneously, the Commission issued a corrected decision. In the corrected decision, the Commission fixed the bond for removal of the cause to the circuit court by respondent at $19,500, and the probable cost of preparing the record of proceedings at $35. See 820 ILCS 305/19(f) (West 2002). Respondent received the corrected decision on July 11, 2005. On July 29, 2005, respondent filed in case No. 05—L—050607, a "Request for Alias Summons" with a return date of August 23, 2005. The request for alias summons identified the decision to be reviewed as the Commission's July 1, 2005, decision, and listed the names and last known addresses of the parties in interest and their attorneys of record. Also on July 29, 2005, respondent filed an alias summons issued to claimant and his attorney and an alias summons issued to the Commission. Both summonses identified the decision to be reviewed as the Commission's corrected decision dated July 1, 2005. On July 29, 2005, the clerk certified that it served the alias summonses by mail.

On September 7, 2005, respondent filed an appeal bond rider. The rider stated that it is "[t]o be attached to and form a part of" the appeal bond filed earlier. The purpose of the rider was to increase the bond limit from $14,700 to $19,500. The rider, which lists an effective date of June 6, 2005, was signed and sealed on August 31, 2005. On September 20, 2005, respondent filed its appellant's brief in the circuit court of Cook County.

On November 4, 2005, claimant filed a motion to dismiss respondent's appeal. In his motion, claimant argued that the circuit court lacked jurisdiction to address respondent's appeal because respondent failed to file a new appeal after receiving the Commission's corrected decision, failed to file a receipt for the probable cost of preparing the record of proceedings after issuance of the corrected decision, and

failed to file an appeal bond in the proper amount within the time frame required by the Act. See 820 ILCS 305/19(f) (West 2002). On April 20, 2006, the circuit court of Cook County granted claimant's motion to dismiss. On May 16, 2006, the court denied respondent's motion to reconsider, and this appeal followed.

Respondent complains that the trial court erred in dismissing his appeal for lack of jurisdiction. Respondent asserts that it complied with the requirements of section 19(f) of the Act (820 ILCS 305/19(f) (West 2002)). In particular, respondent asserts that (1) it filed a proper and complete request for issuance of summons within 20 days after it received the Commission's corrected decision, (2) it had already paid for the costs of preparing the record and the circuit court clerk had before it clear proof of payment when the Commission's decision was appealed, and (3) it had filed an appeal bond that was still binding and effective which was later amended. At the outset, we note that claimant has not filed an appellee's brief. However, we will address the issue presented based upon the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). See *F&B Manufacturing Co. v. Industrial Comm'n*, 325 Ill. App. 3d 527, 530 (2001). Upon review of the record and the relevant authorities, we conclude that the trial court properly dismissed respondent's appeal for lack of jurisdiction because respondent failed to comply with the requirements for filing an appeal bond.[1]

While Illinois courts are courts of general jurisdiction and are presumed to have subject-matter jurisdiction, this presumption does not apply to workers' compensation proceedings. *Kavonius v. Industrial Comm'n*, 314 Ill. App. 3d 166, 169 (2000). Rather, on appeal from a decision of the Commission, the circuit court obtains subject matter jurisdiction only if the appellant complies with the statutorily prescribed conditions set forth in the Act. *Jones v. Industrial Comm'n*, 188 Ill. 2d 314, 319-20 (1999). At issue in this case is whether respondent complied with the provisions of section 19(f) (820 ILCS 305/19(f) (West 2002)). Section 19(f)(2) provides that no summons shall issue unless the party against whom the Commission rendered an award for the payment of money files an appeal bond at the time a

---

[1]The basis for the trial court's decision to dismiss respondent's appeal is unclear from the record. We base our affirmance solely on respondent's failure to strictly comply with the appeal bond requirements set forth in section 19(f)(2) of the Act (820 ILCS 305/19(f)(2) (West 2002)). Thus, for purposes of this appeal, we will assume, without deciding, that respondent complied with the other procedural requirements for seeking judicial review of a decision rendered by the Commission.

written request for summons is presented to the clerk of the court. 820 ILCS 305/19(f)(2) (West 2002). Section 19(f)(1) requires a party seeking judicial review of a decision of the Commission to file the request for summons with the clerk of the circuit court within 20 days of the receipt of the Commission's decision. 820 ILCS 305/19(f)(1) (West 2002). Because the appeal bond must be filed at the time the written request for summons is presented to the clerk of the court, it too must be filed within the 20-day deadline. See *Wal-Mart Stores, Inc. v. Industrial Comm'n*, 326 Ill. App. 3d 438, 441 (2001); *Kavonius*, 314 Ill. App. 3d at 169. The appellant must strictly comply with the bond requirements of section 19(f)(2) (*Freedom Graphic Systems, Inc. v. Industrial Comm'n*, 345 Ill. App. 3d 716, 719 (2003)),[2] and the filing of an appeal bond is jurisdictional in nature (*Firestone Tire & Rubber Co. v. Industrial Comm'n*, 74 Ill. 2d 269, 272 (1979)). See also *Berryman Equipment v. Industrial Comm'n*, 276 Ill. App. 3d 76, 78-79 (1995) (noting that because the bond requirement is statutory, strict compliance is required to vest subject-matter jurisdiction in the circuit court).

Section 19(f) also provides the Commission with the authority to correct any clerical or computational errors. In *International Harvester v. Industrial Comm'n*, 71 Ill. 2d 180, 188 (1978), the supreme court determined that an appeal from a decision of the Commission which is commenced prior to the resolution of a motion to correct is premature. Thus, in those cases in which the Commission recalls a decision upon a motion to correct, the Commission's decision is not considered final and appealable until the Commission issues its corrected decision, and the time for review begins to run from the date of receipt of the corrected decision. 820 ILCS 305/19(f) (West 2002); *Campbell-Peterson v. Industrial Comm'n*, 305 Ill. App. 3d 80, 84 (1999); *American Can Co. v. Industrial Comm'n*, 149 Ill. App. 3d 83, 86 (1986).

In the present case, respondent failed to file an appeal bond within 20 days of receiving the Commission's corrected decision. Respondent received the Commission's original decision on June 9, 2005. Thereafter, respondent timely filed with the circuit court the documents required by section 19(f), including a request for summons and

---

[2]There is some authority for the proposition that substantial compliance with section 19(f)(2) is sufficient. We note that in the cases that have so held, the appellant timely filed an appeal bond, but that the appeal bond was irregular in some form. See, *e.g.*, *Lee v. Industrial Comm'n*, 82 Ill. 2d 496, 498-99 (1980); *Wal-Mart Stores, Inc.*, 326 Ill. App. 3d at 442; see also *Jones*, 188 Ill. 2d at 321 ("[I]n several cases where the timely initiation of the appeal process has not been in issue, this court has held that substantial compliance with the precepts of section 19(f) is sufficient to vest the circuit court with jurisdiction").

an appeal bond. However, in response to claimant's motion to recall, the Commission, on July 1, 2005, issued a corrected decision. Once the Commission issued the corrected decision, respondent's original summons and the supporting documents were premature and therefore void. See *American Can*, 149 Ill. App. 3d at 87. Thereafter, respondent had 20 days from receipt of the corrected decision to file a new request for summons along with the requisite supporting documents. 820 ILCS 305/19(f) (West 2002); see also *Pemble v. Industrial Comm'n*, 181 Ill. App. 3d 409, 418 (1989); *American Can Co.*, 149 Ill. App. 3d at 86-87. Yet, respondent never filed an appeal bond within the 20-day deadline set forth in section 19(f) (820 ILCS 305/19(f) (West 2002)). Respondent's failure to file the appeal bond within the statutorily required period divested the circuit court of jurisdiction to consider its appeal. *Firestone Tire & Rubber Co.*, 74 Ill. 2d at 272-73.

Respondent argues that there was no need to file an appeal bond when it sought review of the Commission's corrected decision because the original bond, filed June 29, 2005, was still binding and effective. We disagree. At the time that respondent filed the original bond, the Commission's decision was not final and appealable. Therefore, the request for summons along with any supporting documents, including the appeal bond, had no legal effect. *American Can*, 149 Ill. App. 3d at 87; see also Black's Law Dictionary 1568 (7th ed. 1999) (defining "void"). Assuming *arguendo* that the original bond was still binding and effective, the amount of the bond was deficient. The amount of the original bond was $4,800 less than the amount of the bond fixed by the Commission in the corrected decision. Respondent made no attempt to increase the amount of the bond until September 7, 2005—58 days after it received the corrected decision and 38 days after the expiration of the 20-day deadline. Respondent claims that section 19(f) does not require the bond to be in the exact amount set by the Commission. This position is absurd. Section 19(f)(2) requires the Commission to fix the amount of the bond. 820 ILCS 305/19(f)(2) (West 2002). The bond is required to be "an amount equal to $100 over the total unpaid amount of the award rendered by the Commission on review subject to a maximum of $75,000." 50 Ill. Adm. Code §7060.10(b), expedited correction at 19 Ill. Reg. 292 (eff. February 11, 1995). One of the purposes of requiring an appeal bond is to provide protection to the prevailing claimant by providing a fund from which the judgment will be paid. See *First Chicago v. Industrial Comm'n*, 294 Ill. App. 3d 685, 692-93 (1998) (Rakowski, J., dissenting); *Celeste v. Industrial Comm'n*, 205 Ill. App. 3d 423, 426 (1990). Allowing the appellant to execute a bond in an amount less than the sum fixed by the Commission would not advance this goal.

Respondent also asserts that the trial court's decision is subject to reversal pursuant to *Lee v. Industrial Comm'n*, 82 Ill. 2d 496 (1980). In *Lee*, the respondents were partners in a tavern. One of their employees successfully sought workers' compensation benefits. The respondents commenced their appeal within 20 days of receiving the Commission's decision and filed an appeal bond. One of the partners signed the appeal bond as principal and the other partner signed as surety. The trial court granted the claimant's motion to dismiss on the basis that the partners were improperly acting in both capacities and that a bond in proper form is jurisdictional. The trial court subsequently refused to accept the respondents' tender of a new bond which both partners executed as principals. On appeal, the supreme court reversed, finding that the trial court should have allowed the respondents' motion to vacate the order to dismiss and should have determined the sufficiency of the subsequently tendered bond. *Lee*, 82 Ill. 2d at 499-501. The court concluded that although the original bond was irregular in form, the fact that at least one of the respondents signed it was sufficient to vest the trial court with jurisdiction. *Lee*, 82 Ill. 2d at 498.

*Lee* is easily distinguishable from the facts here. In *Lee*, the appeal bond, although irregular, was timely filed. In the present case, respondent did not timely file an appeal bond. As noted, the appeal bond filed on appeal of the Commission's original decision was void and respondent made no attempt to file another appeal bond within 20 days of receipt of the Commission's corrected decision.

Respondent also asserts that there was never any risk that it did not have the funds to satisfy claimant's award if its appeal were rejected on the merits because the full amount of the appeal bond was available by September 7, 2005 (when it filed the appeal bond rider), and claimant did not challenge the trial court's jurisdiction until November 4, 2005. We reject this argument as it is based on the premise that the original bond remained binding and effective at the time respondent commenced its appeal of the Commission's corrected decision. As we explain above, this is not the case. The original bond was void. Thus, there was nothing for the rider to amend. Finally, respondent asserts that it substantially complied with the requirements of section 19(f) and that holding otherwise would exalt form over substance and defeat the intention of the Act. The cases that respondent cites for substantial compliance are distinguishable as the appellants in those cases all timely filed appeal bonds, but the bonds suffered from an irregularity in form. See, *e.g.*, *Lee*, 82 Ill. 2d at 498-99; *Wal-Mart Stores*, 326 Ill. App. 3d at 442; *First Chicago v. Industrial Comm'n*, 294 Ill. App. 3d 685, 687 (1998). In this case, there was no compliance with the appeal bond requirement at all.

506

For the reasons set forth above, we affirm the judgment of the circuit court of Cook County dismissing claimant's appeal for lack of jurisdiction.

Affirmed.

McCULLOUGH, P.J., and HOFFMAN, HOLDRIDGE, and DONO-VAN, JJ., concur.