SECURITAS, INC., Appellant, v. ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Wayne O'Connor, Appellee).

Fifth District (Illinois Workers' Compensation Commission Division)
No. 5—09—0184WC

Opinion filed November 23, 2009.—Rehearing denied December 23, 2009.

Robert A. Hoffman, of Brady, Connolly & Masuda, P.C., of Normal, for appellant.

Colleen Joern Vetter and Clare R. Behrle, both of Schuchat, Cook & Werner, of St. Louis, Missouri, for appellee.

JUSTICE HUDSON delivered the opinion of the court:

Claimant, Wayne O'Connor, filed an application for adjustment of claim pursuant to the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 2006)). In it, he alleged that he sustained a work-related injury when he fell while walking down a flight of stairs during his employment with Securitas, Inc. (respondent). The arbitrator agreed and awarded claimant 14²/₇ weeks of temporary total disability (TTD) at $291.01 per week and 2 weeks of TTD at $159.91 per week (820 ILCS 305/8(b) (West 2006)) as well as $5,792.28 for medical expenses (820 ILCS 305/8(a) (West 2006)). The Workers' Compensation Commission (Commission) affirmed, adopting the decision of the arbitrator in full. The circuit court confirmed the Commission's decision. Respondent now appeals, contesting the Commission's findings regarding causation and claimant's average weekly wage. However, we are unable to address these issues as we lack jurisdiction over this appeal. Accordingly, we dismiss it.

Claimant contends that the bond submitted by respondent is insufficient to vest this court with jurisdiction over this matter. We agree. Filing a proper bond is a jurisdictional prerequisite to judicial review in a matter emanating from the Commission. *Freedom Graphic Systems, Inc. v. Industrial Comm'n*, 345 Ill. App. 3d 716, 719 (2003). Claimant notes two alleged defects. First, the person who signed the bond is not identified on the face of the bond as an officer of respondent. In *First Chicago v. Industrial Comm'n*, 294 Ill. App. 3d 685, 688 (1998), this court rejected such a requirement, holding that the party signing the bond need not identify himself or herself on the face of the bond as an officer of the corporation in order to invoke the subject matter jurisdiction of the court. The second defect claimant points to is that the Commission fixed the amount of the bond as $10,100 and the bond filed by respondent is limited to $10,000. In *Residential Carpentry, Inc. v. Kennedy*, 377 Ill. App. 3d 499, 505 (2007), we noted that substantial compliance with the bond requirement has been held acceptable with regard to "irregularities in form." The amount of the bond, however, is a matter of substance rather than form. Respondent points to no authority suggesting that a *de minimis* error in the amount of a bond could be excused (indeed, respondent has not filed a reply brief at all). Accordingly, we perceive no basis to excuse respondent's failure to post a bond for the full amount set by the Commission. We therefore dismiss this appeal.

Appeal dismissed.

McCULLOUGH, P.J., and HOFFMAN, HOLDRIDGE, and DONOVAN, JJ., concur.