# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Hocraffer v. Trotter General Contracting, Inc.*, 2013 IL App (3d) 120539

---

| | |
|---|---|
| Appellate Court Caption | JOSIAH HOCRAFFER, Plaintiff-Appellant, v. TROTTER GENERAL CONTRACTING, INC., an Illinois Corporation, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-12-0539 |
| Rule 23 Order filed<br>Motion to publish<br>allowed<br>Opinion filed | April 18, 2013<br><br>May 24, 2013<br>May 24, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's action alleging that defendant contractor failed to pay him the prevailing wage for work he performed was properly dismissed, since plaintiff's work was performed at defendant's shop and the Prevailing Wage Act only applies to work performed "on the site of the building or construction job." |
| Decision Under Review | Appeal from the Circuit Court of McDonough County, No. 11-LM-57; the Hon. Patricia A. Walton, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

George Petrilli and Bruce Stratton, both of Stratton, Giganti, Stone, Moran & Radkey, of Springfield, for appellant.

Michael L. Resis and Ellen L. Green, both of SmithAmundsen LLC, of Chicago, and Jeffrey Risch and Jonathan D. Hoag, both of SmithAmundsen LLC, of St. Charles, for appellee.

Panel

JUSTICE LYTTON delivered the judgment of the court, with opinion.

Justices Holdridge and Schmidt concurred in the judgment and opinion.

## OPINION

¶ 1   Plaintiff, Josiah Hocraffer, filed suit against defendant, Trotter General Contracting, Inc., for failing to pay him the prevailing wage for work he performed while under defendant's employ. The trial court dismissed the claim on the ground that Hocraffer's services were not performed "on the job site." We affirm.

¶ 2   In May of 2011, Hocraffer filed a complaint against Trotter, seeking wages, benefits, interest and attorney fees for alleged violations of the Illinois Prevailing Wage Act (Act) (820 ILCS 130/1 *et seq.* (West 2010)). In the complaint, Hocraffer alleged that Trotter was a general construction company that performed contract work for private and public works projects in the McDonough County area and that he was employed as a carpenter for Trotter between February 2009 and March 2010. He further alleged that during his employment, Trotter directed him to fabricate and construct certain portions of its public works projects in its shop and then it transported the items to the sites to be used in the construction of the projects. Hocraffer claimed that he was paid less than the prevailing wage as required under the Act for the work he performed.

¶ 3   Trotter filed a motion to dismiss under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2010)). The trial court granted the motion and gave Hocraffer leave to file an amended complaint.

¶ 4   In his amended pleading, Hocraffer alleged, more specifically, that Trotter directed him "to fabricate, construct, or paint windows and door units, gutters, and concrete forms for use in the Defendant's public works projects then underway in its shop and then transport them to the job site for installation or use on and in said project." He further claimed that the work performed in Trotter's shop was performed by the same persons as would have otherwise performed the same work on the jobsite and that those same persons performing the work transported the described items from Trotter's shop in Macomb to a construction site at Western Illinois University and to public works projects in Havana and Cuba, Illinois.

¶ 5   Trotter filed a motion to dismiss the amended complaint, arguing that the Act limits payment of the prevailing wage to only those laborers and workers who are directly

employed by contractors or subcontractors in actual construction work on the site of the building or construction job, and laborers or workers engaged in the transportation of materials and equipment to or from the site.

¶ 6 After considering arguments from both parties, the trial court granted defendant's motion, finding that "only work performed on the job site is covered by the Illinois Prevailing Wage Act (IPWA) and work performed at Defendant's shop, as alleged, is not covered under the IPWA." The court gave Hocraffer 28 days to file an amended complaint. Hocraffer declined to file a second amended complaint.

¶ 7 On appeal, Hocraffer argues that the trial court erred in construing the Act as applying only to work completed by laborers and workers directly employed on the site of the public works project, thereby excluding the same work done by the same employees at the contractor's offsite shop.

¶ 8 Section 3 of the Act states that the prevailing wage rate shall be paid to workers engaged in the construction of public works. 820 ILCS 130/3 (West 2010). The statute provides:

"Not less than the general prevailing rate of hourly wages for work of a similar character on public works in the locality in which the work is performed, and not less than the general prevailing rate of hourly wages for legal holiday and overtime work, shall be paid to all laborers, workers and mechanics employed by or on behalf of any public body engaged in the construction or demolition of public works. This includes any maintenance, repair, assembly or disassembly work preformed on equipment whether owned, leased or rented. Only such laborers, workers and mechanics as are directly employed by contractors or subcontractors in actual construction work on the site of the building or construction job, and laborers, workers and mechanics engaged in the transportation of materials and equipment to or from the site, but not including the transportation by the sellers and suppliers or the manufacture or processing of materials or equipment *** shall be deemed to be employed upon public works." 820 ILCS 130/3 (West 2010).

¶ 9 The fundamental principle of statutory construction is to ascertain and give effect to the intent of the legislature. *Town & Country Utilities, Inc. v. Illinois Pollution Control Board*, 225 Ill. 2d 103 (2007). The best evidence of legislative intent is the language of the statute. *Lulay v. Lulay*, 193 Ill. 2d 455 (2000). When possible, courts should interpret the statutory language according to its plain and ordinary meaning. *In re Estate of Ellis*, 236 Ill. 2d 45 (2009). If intent can be determined from the plain language of the statute, there is no need to resort to extrinsic aids. *Poris v. Lake Holiday Property Owners Ass'n*, 2013 IL 113907. Where the statutory language is clear and unambiguous, we may not depart from the statute's plain meaning by reading into it exceptions, limitations, or conditions the legislature did not express. *Ellis*, 236 Ill. 2d at 51. The interpretation of a statute is a question of law that is subject to *de novo* review. *Alvarez v. Pappas*, 229 Ill. 2d 217 (2008).

¶ 10 By its plain terms, section 3 only applies to those workers who "are directly employed by contractors or subcontractors in actual construction work on the site of the building or construction job." 820 ILCS 130/3 (West 2010). The legislature specifically chose to use the words "on the site of the building or construction job." We find those words, although

undefined in the statute, to be clear and unambiguous. The dictionary defines the word "site" as "the local position of building, town, monument, or similar work either constructed or to be constructed esp. in connection with its surroundings." Webster's Third New International Dictionary 2128 (1981). The ordinary meaning of "on the site" in the textual format of section 3 is consistent with that definition. It is the location where the public works project, the public building or structure, is being erected. Thus, only those workers who are employed and working at the location where the public works building is being erected are required to receive the prevailing wage under the Act. The plain language of section 3 is dispositive of this case.

¶ 11 Hocraffer insists that our construction of the statute limits the otherwise inclusive purpose of the Act to pay laborers involved in a public works project a fair wage. He suggests that a more reasonable interpretation of the term "on the site" would include the real estate upon which the public building or other public works is being constructed *and* such other land, buildings and workshops where the same workers, working for the same contractor for the public works project, are engaged in the fabrication of elements of the public building or public works.

¶ 12 No rule of statutory construction authorizes a court to declare that the legislature did not mean what it says. We cannot simply create additional categories of coverage. Where, as here, the statute provides specific limitations and exceptions to its application, the inference is that all other omissions should be interpreted as exclusions. See *Mattis v. State Universities Retirement System*, 212 Ill. 2d 58 (2004). In this case, fabrication and other jobs performed offsite are not included in the list of work contained in section 3. Therefore, the prevailing wage requirements do not apply to the work Hocraffer completed in Trotter's shop.

¶ 13 Hocraffer also argues that a limited interpretation of section 3 gives contractors an incentive to evade the Act's impact by transferring certain tasks from the real estate or site where the work is being constructed to a "shop" at another location. However, the language of section 3 is unambiguous; we cannot rely on extrinsic aids or interpretations to construe the statute in a more inclusive manner. Even if the statutory language was ambiguous, we cannot add a provision that would reduce the incentive to evade the prevailing wage requirement; that is a matter best left to the legislature. See *Toys "R" Us, Inc. v. Adelman*, 215 Ill. App. 3d 561 (1991) (the court's job is to construe the statue as written, not to add to its provisions under the guise of construction). Moreover, we note that the record in this case does not suggest that Trotter's actions were based on intentional avoidance or fraud. Therefore, we affirm the trial court's order granting defendant's motion to dismiss under section 3 of the Act.

¶ 14                                    CONCLUSION

¶ 15 The judgment of the circuit court of McDonough County is affirmed.


¶ 16 Affirmed.