# Illinois Official Reports

## Appellate Court

*Illinois State Treasurer v. Illinois Workers' Compensation Comm'n*,
2013 IL App (1st) 120549WC

| | |
|---|---|
| Appellate Court Caption | ILLINOIS STATE TREASURER, as *ex officio* Custodian of the Injured Workers' Benefit Fund, Appellant, v. THE ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Joseph Meuse, Marilyn Arnoux, Ken Schechtel, d/b/a/ A New Millennium Homecare, and Janina Anna Zakarzecka, Appellees). |
| District & No. | First District, Workers' Compensation Commission Division<br>Docket No. 1-12-0549WC |
| Filed | November 18, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appeal of the State Treasurer from the Workers' Compensation Commission's confirmation of an arbitrator's decision awarding benefits to a home healthcare provider, caregiver, and companion for injuries she suffered in a fall at the home of the person she helped was not barred as a "claim against the State," notwithstanding the fact that the claim was paid from the Injured Workers' Benefit Fund, a fund made up of penalties and fines collected from uninsured employers, since the legislature provided that the money in the Fund should be treated "the same as" state funds, not that the money was state funds; therefore, the claim was not barred as a "claim against the State," but the Treasurer's failure to file an appeal bond pursuant to section 19(f)(2) of the Workers' Compensation Act did deprive the trial court of jurisdiction to review the Commission's decision. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-L-51111; the Hon. Margaret Brennan, Judge, presiding. |

| | |
|---|---|
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Mary C. Labrec, Assistant Attorney General, of counsel), for appellant.<br><br>Matthew J. Belcher and Brian J. Wiehe, both of Belcher Law Office, of Chicago, for appellees. |
| Panel | PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.<br>Justices Hoffman, Hudson, Turner, and Stewart concurred in the judgment and opinion. |

## OPINION

¶ 1      The claimant, Janina Zakarzecka, filed an application for adjustment of claim under the Workers' Compensation Act (the Act) (820 ILCS 305/1 *et seq.* (West 2006)) seeking benefits for injuries to her wrists which she allegedly sustained while working as a caregiver and companion in a private home. Because her employer was uninsured for workers' compensation, the claimant sought compensation from the Injured Workers' Benefit Fund (Fund). After conducting a hearing, an arbitrator found that the claimant's injuries were caused by an accident that arose out of and in the course of her employment and awarded the claimant temporary total disability (TTD) benefits, permanent partial disability (PPD) benefits, and medical expenses.

¶ 2      The Illinois State Treasurer (Treasurer), as *ex officio* custodian of the Fund, appealed the arbitrator's decision to the Illinois Workers' Compensation Commission (the Commission). The Commission unanimously affirmed and adopted the arbitrator's decision.

¶ 3      The Treasurer sought judicial review of the Commission's decision in the circuit court of Cook County, which confirmed the Commission's decision. This appeal followed. On January 7, 2013, we issued an unpublished order reversing the Commission's award of benefits. The claimant filed a timely petition for rehearing arguing, for the first time, that we lack jurisdiction to decide this appeal. We ordered the parties to brief the jurisdictional issues raised by the claimant.

¶ 4    We hold that, because the Treasurer did not file an appeal bond as required by section 19(f)(2) of the Act (820 ILCS 305/19(f)(2) (West 2012)), we lack jurisdiction to decide the Treasurer's appeal. We therefore withdraw our prior order and dismiss the appeal for lack of jurisdiction.

¶ 5                                              FACTS

¶ 6    The claimant worked as a home healthcare provider, caregiver, and companion to Joseph Meuse, an elderly man who was legally blind. One of her job responsibilities was to pick up Meuse's mail. In order to retrieve the mail, the claimant had to walk down a flight of stairs to the front door. On May 10, 2007, the doorbell rang, and the claimant was preparing to go downstairs to pick up a delivery. While attempting to change her shoes at the top of the stairs, the claimant fell and was injured.

¶ 7    The claimant filed an application for adjustment of claim seeking benefits for her injuries and naming Meuse as the employer/respondent. Meuse died while her claim was pending. The claimant subsequently amended her claim to add Meuse's estate and Ken Schechtel as respondents.[1] She also added the Fund as a respondent because Meuse did not have workers' compensation insurance at the time of the claimant's injury.[2]

¶ 8    The arbitrator found that the claimant's accident arose out of and in the course of her employment with Meuse and awarded the claimant TTD benefits, medical expenses, and compensation for the permanent and partial loss of both of her hands. The Treasurer, acting as *ex officio* custodian of the Fund, appealed the arbitrator's decision to the Commission, which unanimously affirmed and adopted the arbitrator's decision. The Treasurer then sought judicial review of the Commission's decision in the circuit court of Cook County, which confirmed the Commission's ruling.

¶ 9    The Treasurer appealed the Commission's decision in this court. On January 7, 2013, we issued an order reversing the Commission's award of benefits because we found that the claimant had failed to present evidence supporting a reasonable inference that her injuries arose out of a risk associated with her employment.

¶ 10   Thereafter, the claimant filed a timely petition for rehearing in which she argued, for the first time, that we lack jurisdiction to decide the Treasurer's appeal. She maintained that we have no jurisdiction for two alternative reasons. First, the claimant argued that the appeal involves a claim against the State of Illinois, and is therefore barred from judicial review under section 19(f)(1) of the Act. See 820 ILCS 305/19(f)(1) (West 2012). In the alternative, the

---

[1]Ken Schechtel owned and operated the employment agency that placed the claimant with Meuse.

[2]The Fund was established to provide workers' compensation benefits to injured workers whose employers have failed to provide coverage under the Act. See 820 ILCS 305/4(d) (West 2010). When the Commission collects penalties and fines from uninsured employers, it deposits those moneys into the Fund. *Id.* If the Fund has insufficient moneys to pay all claims at the end of each fiscal year, the Commission distributes a *pro rata* share to each eligible claimant. *Id.* The Commission may obtain reimbursement from the employer for compensation obligations paid by the Fund. *Id.*

claimant argued that judicial review was barred by section 19(f)(2) of the Act because the claimant failed to file an appeal bond, a prerequisite for the circuit court's jurisdiction under that section. See 820 ILCS 305/19(f)(2) (West 2012). Both of these arguments raised issues of first impression. Accordingly, we ordered the State to respond to the claimant's petition and allowed the claimant to file a reply.

ANALYSIS

As noted, the claimant argues that we lack jurisdiction to review the Commission's order because: (1) section 19(f)(1) of the Act bars judicial review of claims against the State; and (2) section 19(f)(2) of the Act bars judicial review because the Treasurer failed to file an appeal bond with the clerk of the circuit court. We hold that the instant appeal is not an "appeal against the State," and, therefore, is not barred by section 19(f)(1). However, we agree with the claimant that the Treasurer's failure to file an appeal bond deprives us of jurisdiction under section 19(f)(2). We address these issues in turn.

1. Section 19(f)(1)

The claimant argues that section 19(f)(1) of the Act strips us of jurisdiction to decide the Treasurer's appeal. We disagree. Section 19(f)(1) provides that "claims against the State of Illinois" are "not *** subject to judicial review." 820 ILCS 305/19(f)(1) (West 2012). This provision "[embodies] the doctrine of sovereign immunity" (*Yonikus v. Industrial Comm'n*, 228 Ill. App. 3d 333, 336-37 (1992)), which prevents the State from being made a defendant in any court. We have found no cases addressing whether a claim against the Illinois State Treasurer in his official capacity as *ex officio* custodian of the Injured Workers' Benefit Fund is a claim "against the State" for purposes of section 19(f)(1) of the Act. However, our supreme court and our appellate court have repeatedly reviewed Commission decisions involving claims brought against the Treasurer as *ex officio* custodian of the Second Injury Fund, a special fund similar to the Fund at issue in this case. See, *e.g.*, *Daugherty v. Industrial Comm'n*, 99 Ill. 2d 1 (1983); *State Treasurer of Illinois v. Industrial Comm'n*, 75 Ill. 2d 240 (1979); *Arview v. Industrial Comm'n*, 415 Ill. 522 (1953); *Treasurer of the State of Illinois v. Industrial Comm'n*, 136 Ill. App. 3d 809 (1985). None of these cases suggested that the exclusionary language in section 19(f)(1) stood as a barrier to the circuit or appellate court's jurisdiction.[3]

Moreover, "the determination of whether a suit is brought against the State and thus barred by the doctrine of sovereign immunity does not depend on the identity of the formal parties, but rather on the issue raised and the relief sought." *Senn Park Nursing Center v. Miller*, 104

---

[3]This is significant, because a reviewing court has an independent obligation to determine its own jurisdiction, and questions of jurisdiction cannot be waived or forfeited by the parties. See *People ex rel. Madigan v. Illinois Commerce Comm'n*, 231 Ill. 2d 370, 387 (2008). Thus, even though the parties apparently did not raise the issue of the courts' jurisdiction in *Daugherty*, *State Treasurer of Illinois*, *Arview*, or *Treasurer of the State of Illinois*, those cases arguably stand for the proposition that section 19(f)(1) does not bar courts from reviewing Commission decisions in cases like the one at issue here.

Ill. 2d 169, 186 (1984). The dispositive question is whether a judgment rendered in the case could operate to control the actions of the State or subject it to liability. *Village of Riverwoods v. BG Limited Partnership,* 276 Ill. App. 3d 720, 725 (1995). In this case, the judgment entered against the Fund could neither control the discretionary actions of the State nor subject the State to liability. The judgment merely requires the disbursement of money from a fund that is dedicated entirely to paying claims of eligible claimants whose employers failed to provide workers' compensation insurance. See 820 ILCS 305/4(d) (West 2010). Moreover, nothing in section 4(d) of the Act suggests that the State will be held liable for any judgment entered against the Fund. In fact, it suggests just the opposite by noting that: (1) all judgments against the Fund shall be paid by disbursements out of the Fund; (2) the Fund is comprised entirely of penalties and fines imposed against employers who fail to carry workers' compensation insurance; and (3) "if there are insufficient moneys in the Fund to pay all claims, each eligible claimant shall receive a pro-rata share" of the available moneys in the Fund for that year. *Id.* Thus, the State is not liable to pay any portion of any judgment against the Fund, even when there are insufficient monies in the Fund to satisfy the judgments entered against it.[4]

¶ 16 The claimant also argues that section 19(f)(1) bars judicial review in this case because one of the purposes of the doctrine of sovereign immunity is "to preserve and protect State funds" (citing *People ex rel Manning v. Nickerson*, 184 Ill. 2d 245, 248 (1998)), and the moneys in the Fund are "state funds." In support of this argument, the claimant notes that section 4(d) of the Act provides that the Fund "shall be deposited the same as are State funds," "is subject to audit the same as are State funds and accounts," and "is protected by the general bond given by the State Treasurer." 820 ILCS 305/4(d) (West 2010). In addition, the claimant argues that the legislature has converted the moneys contained in the Fund to "state funds" by diverting portions of the Fund to the FY09 Budget Relief Fund and the general revenue fund.[5] See 30 ILCS 105/8.46 (West 2008); 30 ILCS 105/8.49 (West 2010).

¶ 17 We disagree. The plain language in section 4(d) quoted by the claimant does not support the conclusion that the legislature considers the moneys in the Fund to be "state funds." In fact,

---

[4]That makes perfect sense, because claims brought against the Treasurer as *ex officio* custodian of the Fund are maintained against an *employer*, and only derivatively against the Fund. The employer is the party who is ultimately liable to pay the judgment. See 820 ILCS 305/4(d) (West 2010) (providing that: (1) "[m]oneys in the Injured Workers' Benefit Fund shall be used only for payment of workers' compensation benefits for injured employees when the employer has failed to provide coverage *** and has failed to pay the benefits due to the injured employee"; (2) "[t]he Commission shall have the right to obtain reimbursement from the employer for compensation obligations paid by the Injured Workers' Benefit Fund"; and (3) "[a]ny such amounts obtained shall be deposited by the Commission into the Injured Workers' Benefit Fund"). The Treasurer merely safeguards the moneys in the Fund and is added as a respondent so that he may represent the interests of the Fund before the Commission.

[5]In 2008, the legislature authorized the transfer of $500,000 from the Fund to the FY09 Budget Relief Fund "[n]otwithstanding any other State law to the contrary." 30 ILCS 105/8.46 (West 2008). In 2009, the legislature authorized a transfer of $3,290,560 from the Fund to the general revenue fund. 30 ILCS 105/8.49 (West 2010).

it supports the opposite conclusion. In section 4(d), the legislature notes that the Fund should be treated "the same as" state funds, not "the same as other State funds" or "the same as all State funds." In other words, the legislature provided that the monies in the Fund are to be treated like state funds are treated. This does not suggest that those monies are state funds. To the contrary, it suggests that the moneys in the fund are not, in fact, state funds (at least not according to the legislature). If the legislature considered the monies in the Fund to be state funds, it would have simply said so; it would not have said that those monies should be treated "the same as" state funds.

¶ 18    Moreover, although the monies in the Fund are treated like "state funds" in certain respects, that fact does not support the claimant's argument. The claimant noted that one of the purposes of the doctrine of sovereign immunity is "to preserve and protect state funds." However, that purpose would not be served by barring judicial review of claims like the one at issue in this case. As noted above, the Fund exits solely to pay compensation claims to injured employees whose employers fail to carry workers' compensation insurance. The Fund is comprised entirely of penalties and fines imposed against employers who fail to carry workers' compensation insurance. It does not consist of any public revenues. Moreover, as noted above, a judgment against the Fund in this case would not impact any discretionary funding decisions by the State or subject to the State to any potential liability. Thus, the policies animating the doctrine of sovereign immunity are not implicated here.

¶ 19    Moreover, the fact that the legislature has diverted moneys from the Fund to other public funds does not alter the analysis. As noted, the dispositive question is whether the judgment in this case could subject the State to liability. It cannot. This is not a case wherein the claimant has sued the State of Illinois for improper diversion of state funds. That would be a claim against the State that could subject the State to liability for damages. However, as noted above, the claim at issue here is brought only derivatively against the Fund and does not subject the State to any potential liability.

¶ 20    For all these reasons, the exclusionary language in section 19(f)(1) does not bar us from deciding this appeal because the claim at issue is not a "claim against the State."

¶ 21                                  2. Section 19(f)(2)

¶ 22    The claimant also argues that section 19(f)(2) of the Act bars judicial review in this case because the Treasurer did not file an appeal bond. We agree.

¶ 23    Section 19(f)(2) provides that no summons authorizing a circuit court to review a decision issued by the Commission shall issue "unless the one against whom the Commission shall have rendered an award for the payment of money shall upon the filing of his written request for such summons file with the clerk of the court a bond conditioned that if he shall not successfully prosecute the review, he will pay the award and the costs of the proceedings in the courts." 820 ILCS 305/19(f)(2) (West 2012). This requirement is jurisdictional. *Berryman Equipment v. Industrial Comm'n*, 276 Ill. App. 3d 76, 78-79 (1995) (noting that because the bond requirement is statutory, strict compliance is required to vest subject-matter jurisdiction in the circuit court); see also *Residential Carpentry, Inc. v. Kennedy*, 377 Ill. App. 3d 499,

502-03 (2007). Section 19(f)(2) expressly exempts certain local government entities from the appeal bond requirement. Specifically, it provides that "[e]very county, city, town, township, incorporated village, school district, body politic or municipal corporation against whom the Commission shall have rendered an award for the payment of money shall not be required to file a bond." 820 ILCS 305/19(f)(2) (West 2012). However, it does not exempt the Treasurer acting as *ex officio* custodian of the Fund.

¶ 24    In this case, the Treasurer was joined with the employer as a party respondent in the arbitration proceedings and represented the Fund's interests before the Commission. The Commission entered an "an award for the payment of money" against the Fund.[6] As noted, the Treasurer is not expressly exempt from the appeal bond requirement. See 820 ILCS 305/19(f)(2) (West 2012). Accordingly, in order to issue a summons and initiate judicial review of the Commission's order, the Treasurer was required to file an appeal bond with the circuit court. *Id.* Because the Treasurer did not file such a bond, the circuit court lacked jurisdiction over the claimant's appeal, and so do we. See *Berryman Equipment*, 276 Ill. App. 3d at 78-79; see also *Kennedy*, 377 Ill. App. 3d at 502-03.

¶ 25    The Treasurer argues that, when section 19(f)(2) is read in its proper context, it is clear that the legislature intended the bond requirement to apply to *employers* who have had judgments awarded against them, not to the Treasurer acting as *ex officio* custodian of the Fund. However, this argument finds little support in the plain language of section 19(f)(2). That section requires an appeal bond to be filed by "the one against whom the Commission shall have rendered an award for the payment of money," not by "the employer." 820 ILCS 305/19(f)(2) (West 2012). "The best indicator of the legislature's intent is the plain language of the statute itself, which must be given its plain and ordinary meaning." *Will County Forest Preserve District v. Illinois Workers' Compensation Comm'n*, 2012 IL App (3d) 110077WC, ¶ 18. If the legislature had intended to limit the application of the appeal bond requirement to "employers," it could easily have done so. Instead, it deliberately chose to impose the bond requirement upon "the one against whom the Commission shall have rendered an award for the payment of money," a broader phrase which covers a larger class of respondents. As noted, in this case, the Commission entered an "award for the payment of money" against the Fund. Accordingly, by the plain terms of section 19(b), the bond requirement applies to the Fund (and thereby to the Treasurer, who acts on behalf of the Fund and represents its interests in the Commission proceedings and during any judicial review of those proceedings).[7]

---

[6]The arbitrator entered an award against the Fund "to the extent permitted and allowed under § 4(d) of the Act, in the event of the failure of Respondent-Employer to pay the benefits due and owing the [claimant]. Respondent-Employer shall reimburse the [Fund] for any compensation obligations of Respondent-Employer that are paid to the [claimant] from the [Fund]." The Commission affirmed and adopted the arbitrator's decision and award.

[7]The Treasurer cites *Celeste v. Industrial Comm'n*, 205 Ill. App. 3d 423, 427 (1990), in which we ruled that "[t]he [section 19(b)] bond requirements clearly apply only to those employers against whom liability for payment of a compensation judgment may attach." However, in *Celeste*, we addressed the question whether the bond requirement applied to *claimants* (*i.e.*, employees) seeking review of a

¶ 26    The Treasurer notes that, in other statutes, the legislature has not required State officers to file an appeal bond. See, *e.g.*, Ill. S. Ct. R. 305(i) (eff. July 1, 2004) (regarding appeals by public agencies); 735 ILCS 5/4-107 (West 2010) (regarding orders of attachment); 735 ILCS 5/11-103 (West 2010) (regarding restraining orders or preliminary injunctions). From this fact, the Treasurer argues that the rule that no appeal bond is required of State officers "is applied with such regularity as to make it extremely unlikely that the general Assembly would provide for a departure *sub silentio*."

¶ 27    We do not find this argument persuasive. First, as a general matter, "a statute must be enforced as written, and a court may not depart from the statute's plain language by reading into it exceptions, limitations, or conditions not expressed by the legislature." (Internal quotation marks omitted.) *State Bank of Cherry v. CGB Enterprises, Inc.*, 2012 IL App (3d) 100495, ¶ 28. Moreover, because section 19(f)(2)'s bond requirement is jurisdictional, we should be particularly wary of reading exemptions into the statute based upon on the legislature's practice in other contexts. A circuit court's jurisdiction to review a decision of the Commission is a "special statutory power" (*Forest Preserve District v. Industrial Comm'n*, 305 Ill. App. 3d 657, 660 (1999)) that must be exercised within the limits prescribed by the relevant statute (see *In re Rami M.*, 285 Ill. App. 3d 267, 272 (1996) ("In cases where the court is conferred power to adjudicate by virtue of a statute, the court's jurisdiction is strictly limited by the statute.")). While Illinois courts are courts of general jurisdiction and are presumed to have subject-matter jurisdiction, this presumption does not apply to workers' compensation proceedings. *Kavonius v. Industrial Comm'n*, 314 Ill. App. 3d 166, 169 (2000). Rather, on appeal from a decision of the Commission, the circuit court obtains subject matter jurisdiction "only if the appellant complies with the statutorily prescribed conditions set forth in the Act." *Kennedy*, 377 Ill. App. 3d at 502. Thus, in order to vest subject matter jurisdiction in the circuit court, an appellant must "strictly comply with the bond requirements of section 19(f)(2)." *Id.* at 503; see also *Berryman Equipment*, 276 Ill. App. 3d at 78-79. Accordingly, it would be inappropriate to read exemptions into the bond requirement that are not clearly expressed in the statute.

¶ 28    Moreover, it would be particularly inappropriate to read an *unexpressed* exemption into section 19(f)(2)'s bond requirement because the statute already contains several *express* exemptions. As noted, the statute explicitly exempts "[e]very county, city, township, incorporated village, school district, body politic or municipal corporation against whom the Commission shall have [entered] an award for the payment of money" from the bond requirement. 820 ILCS 305/19(f)(2) (West 2012). The Treasurer was not included in this list of exempted entities. Under the principle of *expressio unius est exclusio alterius*, "the enumeration of exceptions in a statute is construed as an exclusion of all other exceptions."

Commission decision. We answered that question in the negative because "an employee is not one against whom an award of money has been rendered." *Id.* at 426. It was in that context that we stated that the bond requirement applies only to "employers" against whom liability for payment of a judgment may attach. In *Celeste*, we did not address the question presented here, *i.e.*, whether the custodian of a Fund against which an award for the payment of money has been made should be required to file a bond under section 19(b). Accordingly, *Celeste* is inapposite.

*People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 286 (2003); see also *Hocraffer v. Trotter General Contracting, Inc.*, 2013 IL App (3d) 120539, ¶ 12. Further, nothing in section 19(f)(2) states or implies that a state officer acting as the custodian of a special fund is not required to file an appeal bond. Thus, even if we found section 19(f)(2) to be ambiguous as to the issue presented in this case (which we do not), principles of statutory construction would require us to find that the Treasurer is not exempt from the bond requirement.

¶ 29    If the legislature wishes to exempt the Treasurer from section 19(b)'s bond requirement in cases in which the Treasurer seeks review of a Commission decision as custodian of the Fund, it may achieve that result by amending the statute. Until that occurs, it would be improper for us to try to divine such an intention in an unambiguous statute that does not bear that construction. We will not read unexpressed exceptions into a jurisdictional requirement that already contains express exemptions for other entities.

¶ 30    Moreover, requiring the Treasurer to file a bond in cases like this is sound public policy. As the claimant noted in her petition for rehearing, the State has recently diverted portions of the Fund to the FY09 Budget Relief Fund and the general revenue fund on at least two occasions. See 30 ILCS 105/8.46 (West 2008); 30 ILCS 105/8.49 (West 2010). The State has done this despite the fact that section 4(d) of the Act explicitly provides that "[m]oneys in the [Fund] shall be used only for payment of workers' compensation benefits for injured employees" and "shall be paid out and disbursed as herein provided and *shall not at any time be appropriated or diverted to any other use or purpose*." (Emphasis added.) 820 ILCS 305/4(d) (West 2010). If the State continues to divert monies from the Fund to other purposes, the Fund might be depleted below the amount necessary to pay all eligible claims, forcing injured claimants to settle for a *pro rata* share of the remaining proceeds in partial payment on their claims.[8] Requiring the Treasurer to file an appeal bond will help to ensure that each claimant collects the entire amount to which he or she is entitled under the Commission's award. Given the recent diversions of funds by the legislature, claimants are in need of this protection now more than ever.

¶ 31                                   CONCLUSION
¶ 32    Because the Treasurer did not file a bond under section 19(f)(2) of the Act, the circuit court did not have jurisdiction to review the Commission's decision. We therefore vacate the circuit court's decision. Pursuant to section 19(f) of the Act, the Commission's decision is final. We withdraw our prior order and dismiss this appeal for lack of jurisdiction.

¶ 33    Appeal dismissed.

---

[8]See 820 ILCS 305/4(d) (West 2012) ("At the time of disbursement, if there are insufficient moneys in the Fund to pay all claims, each eligible claimant shall receive a pro-rata share, as determined by the Commission, of the available moneys in the Fund for that year. Payment from the [Fund] to an eligible claimant pursuant to this provision shall discharge the obligations of the [Fund] regarding the award entered by the Commission.").