THE CITY OF ROCKFORD, Plaintiff-Appellee, v. MARVIN LEMAR, Defendant-Appellant (John P. Ledlie, as Trustee *et al.*, Defendants; Illinois National Bank and Trust Company, as Trustee, Intervening Petitioner-Appellee).

Second District No. 2—86—1074

Opinion filed June 26, 1987.

Steven L. Nordquist, of Nordquist Law Office, of Rockford, for appellant.

Kathleen Elliott, Corporation Counsel, and Dennis L. Leahy, both of Rockford, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Marvin Lemar, appeals from the judgment of the circuit court which granted the motion of plaintiff, city of Rockford, to dismiss defendant's amended petition to vacate the decree for foreclosure of statutory lien and to quash the sheriff's certificate of sale and deed. On appeal, defendant contends that the affidavit for service by publication which plaintiff submitted to the trial court was insufficient. For the reasons set forth below, we reverse the judgment of the circuit court.

On July 27, 1984, plaintiff filed a petition for foreclosure of statutory lien against defendant and several others. Plaintiff did not personally serve defendant, but rather, on August 17, 1984, plaintiff filed an affidavit as required by section 2—206 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—206), for service by publication. The affidavit, filed by plaintiff's attorney, Kathleen Elliott, stated in pertinent part as follows:

"1. That I am a City Attorney for the City of Rockford, Illinois, and that I am one of the attorneys for the Plaintiff, CITY OF ROCKFORD, a municipal corporation.

2. That I have caused the following defendants to be served with a Summons at their last known addresses, to wit:

MARVIN LEMAR—ADDRESS UNKNOWN
JOHN P. LEDLIE, Trustee—ADDRESS UNKNOWN
SANITARY DISTRICT OF ROCKFORD, 3333 Kishwaukee, Rockford, Illinois—SERVED July 30, 1984
WINNEBAGO COUNTY HEALTH DEPARTMENT, 401 Di-

vision Street, Rockford, Illinois—SERVED July 31, 1984 ·

3. That I have made due diligent and reasonable inquiry into ascertaining the addresses of any and all other known interested persons or the names and addresses of any and all other possible interested persons.

4. That such reasonable inquiry has failed to reveal the names and addresses of any such other known or unknown interested person or persons, therefore, process cannot be served upon them.

THEREFORE, all such known or unknown interested persons may be effectively made parties to this cause of action by service by publication pursuant to Illinois Revised Statutes, Chapter 110, Section 2—206 (1981)."

Thereafter, plaintiff served defendant by publication in the Rockford Labor News on August 24, August 31, and September 7, 1984. A decree for foreclosure of statutory lien was entered, and the property was sold to the third-party purchaser, Illinois National Bank and Trust Company, trustee of trust No. 7098, pursuant to a sheriff's sale. After the sale, the third-party purchaser received a sheriff's deed for the property.

On April 29, 1986, defendant filed a petition to vacate the decree for foreclosure of statutory lien and to quash the sheriff's certificate of sale and the sheriff's deed pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). Defendant's petition challenged the validity of the service by publication. On May 21, 1986, the third-party purchaser filed a petition to intervene which the court granted. Thereafter, the third-party purchaser filed a motion to dismiss defendant's petition to vacate contending that since a lack of jurisdiction did not affirmatively appear from the record proper, the sale to the third-party purchaser should not be set aside. The trial court granted the third-party purchaser's motion to dismiss. Defendant then filed a motion to reconsider which the court dismissed. Thereafter, defendant filed this timely appeal.

 The issue in this appeal is whether the trial court properly denied defendant's motion to set aside the decree for foreclosure of statutory lien and quash the sheriff's certificate of deed and sale. It is fundamental that a judgment ordinarily may be attacked at any time by a necessary party who is not given proper notice of the proceedings. (*Uptown Federal Savings & Loan Association v. Vasavid* (1981), 94 Ill. App. 3d 531, 534.) Where, however, the defects in service are not apparent from the face of the record and a *bona fide* purchaser has intervened, section 2—1401(e) of the Code of Civil

Procedure mandates that the necessary party will be precluded from attacking the otherwise void foreclosure judgment. Ill. Rev. Stat. 1985, ch. 110. par 2—1401(e); see also *Janove v. Bacon* (1955), 6 Ill. 2d 245, 249; *Greenwald v. McCarthy* (1948), 402 Ill. 135, 141; *First Federal Savings & Loan Association v. Brown* (1979), 74 Ill. App. 3d 901, 908.

In this regard, defendant contends that plaintiff failed to comply with the statutory requirement for service by publication as set forth in section 2—206 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—206), and therefore, lack of jurisdiction affirmatively appears from the record. Specifically, defendant argues that the affidavit used by plaintiff for service by publication was improperly worded and, therefore, is insufficient at law. We agree.

Section 2—206 mandates that the plaintiff or his attorney file an affidavit which shows that the defendant resides or has gone out of the State, or on due inquiry cannot be found, or is concealed within the State, so that process cannot be served upon him or her. The affidavit must set forth the place of residence of the defendant, if known, *or that upon diligent inquiry his or her place of residence cannot be ascertained.* Ill. Rev. Stat. 1985, ch. 110, par. 2—206; see also *Spalding v. Fahrney* (1903),108 Ill. App. 602, 604.

█ In our opinion, plaintiff's affidavit does not meet the requirements for service by publication. Paragraph 2 of the affidavit merely states that defendant's address is "UNKNOWN." Nowhere in the affidavit is it stated that diligent inquiry has been made to ascertain *defendant's* place of residence. Plaintiff relies on the trial court's interpretation of paragraphs 3 and 4 of the affidavit where it is stated:

> "3. That I have made due, diligent, and reasonable inquiry into ascertaining the addresses of any and all other known interested persons or the names and addresses of any and all other possible interested persons.
>
> 4. That reasonable inquiry has failed to reveal the names and addresses of any such other known or unknown interested person or persons, therefore, process cannot be served upon them."

When the trial court granted the third-party purchaser's motion to dismiss, it found that this affidavit was sufficient in that the term "any" encompassed the present case. We disagree with the trial court and believe that the proper emphasis should be on the word "other" rather than the word "any." The affidavit on its face suggests that reasonable inquiry has failed to reveal names and ad-

dresses of any such *other* known or unknown interested person or persons. This is not sufficient to allege reasonable inquiry to obtain the address of defendant.

Furthermore, we believe plaintiff did not fulfill the obligation of "due inquiry" under section 2—206. Plaintiff's attorney merely examined the Rockford telephone directory for defendant's address. Defendant has lived at his current address for 28 years. Defendant argues that if plaintiff had reviewed court records, the recorder's office would have shown defendant's address from a warranty deed. Similarly, a trust deed from defendant to John Ledlie would have also revealed defendant's address. In addition, a search of the Winnebago County treasurer's office would have revealed defendant's address pursuant to his payment of 1983 real estate taxes. While similar arguments attacking "due inquiry" were rejected in *Greenwald v. McCarthy* (1948), 402 Ill. 135, we note that in that case, an affidavit affirmatively established reasonable inquiry in conformity with the statute. (402 Ill. 135, 141.) As stated above, the affidavit in the instant case does not affirmatively establish "due inquiry" as to this defendant.

We, therefore, believe that the affidavit submitted in this case was insufficient and, thus, a lack of jurisdiction appears from the record proper such that the sale to the third-party purchaser should be set aside. In our opinion, based upon the affidavit filed, the third-party purchaser should have been on notice that service by publication on defendant was not proper. See *State Bank v. Thill* (1986), 113 Ill. 2d 294, 316-17 (innocent purchasers cannot rely on jurisdictional recitals in a foreclosure judgment to defeat a mortgagor's collateral attack where defective substituted service is apparent from the face of the record).

Accordingly, the judgment of the circuit court is reversed, and this cause is remanded to the trial court for further proceedings consistent with the views expressed herein.

Reversed and remanded.

LINDBERG, P.J., and DUNN, J., concur.