THE CITY OF CHICAGO, Plaintiff-Appellee, v. PITTSBURGH NATIONAL BANK, Defendant-Appellant.

First District (3rd Division)   No. 87—2955

Opinion filed May 4, 1988.

Fisher & Fisher, of Chicago (Lee Scott Perres and Karen R. Anderson, of counsel), for appellant.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Mary L. Mikva, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff City of Chicago obtained an order of default as to the out-of-State defendant Pittsburgh National Bank after constructively serving defendant by publication pursuant to section 2—206 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—206). A default judgment was entered, and the trial court rejected defendant's subsequent challenge to the service of process. Defendant appeals, contending that plaintiff failed to use due diligence in ascertaining defendant's address at which it could have been served.

On February 21, 1985, plaintiff filed a complaint against defendant and certain persons in reference to the demolition of a piece of property in Chicago. Plaintiff alleged that the building, recently destroyed by fire, was in a dangerous condition. On February 27, 1985, plaintiff mailed a notice of the motion, a copy of the summons and the complaint to defendant at the address "Pittsburgh National Bank, 5th Ave., Pittsburgh Pa. 15222."

On May 14, 1985, plaintiff filed an affidavit for service by publication as to defendant and other persons. Notice was published, and on May 31, 1985, the clerk of the court sent a copy of the publication notice to defendant. The affidavit indicates that defendant "resides outside the state so that process cannot be served upon the defendant."

Plaintiff did not mark the box on the affidavit which stated "defendant's place of residence is ***." Plaintiff marked the box on the affidavit which stated that "defendant's place of residence *** *upon diligent inquiry* cannot be ascertained and his last known place of residence is at ***." (Emphasis added.) The address given for defendant is "Pittsburgh National Bank, 5th Ave., Pittsburgh, Pa. 15222."

On December 13, 1985, the trial court entered an order of default as to defendant and an order of demolition.

On September 9, 1986, defendant filed a petition for payment due to unlawful demolition, contending that no valid service of process had been made upon it. After a hearing, the trial court denied defendant's petition. The court recognized that the address given was incomplete, but concluded that the address was sufficient because the "Post Office would know where to find a well known place such as a bank." Defendant appeals from the denial of that petition.

■ Section 2—206 of the Code of Civil Procedure provides for service by publication. (Ill. Rev. Stat. 1985, ch. 110, par. 2—206.) The statute requires plaintiff to file an affidavit "stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained." Plaintiff here concedes that, upon claiming the benefit of a judgment based on constructive service, the statute demands that plaintiff strictly comply with its requirements. *Correll v. Greider* (1910), 245 Ill. 378, 92 N.E. 266.

Plaintiff argues that it knew defendant's "place of residence," and thus did not need to show "diligent inquiry" to ascertain the address. Thus, the address it used was "sufficient." Moreover, "it was reasonably diligent for the City to have assumed that the address it had [used] was a complete one."

Plaintiff explains further that it merely erred in checking the

wrong box on the affidavit. It should have marked the box next to "defendant's place of residence is ***." It mistakenly marked the box next to "defendant's place of residence upon diligent inquiry cannot be ascertained and his last known place of residence is at ***." Plaintiff asserts that "checking the wrong box" was merely a "technical and irrelevant" error which made no difference in the publication process. "[T]his error is meaningless and is no basis upon which to reopen this valid and final judgment." We disagree.

■■■ Plaintiff failed to use diligent inquiry to ascertain defendant's complete address, and strict compliance with the statutory requirements which protect defendant's right to due process may not be ignored. Plaintiff knew defendant's correct name, knew one of the two streets included in defendant's proper address of "Fifth and Wood," knew defendant's city, and even knew defendant's zip code. It is incredible that plaintiff did not obtain the final piece of information, *i.e.*, "and Wood" to complete the address so as to provide defendant with notice of the action filed against it. The sworn statement that plaintiff used "diligent inquiry" to obtain the full address was false, and thus plaintiff failed to obtain valid service of process by publication against defendant.

We hold that the trial court erred in finding that service on defendant was proper and thus erred in not hearing defendant's petition for payment for unlawful demolition.

For the foregoing reasons, the judgement of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with the holding contained herein.

Reversed and remanded.

WHITE, P.J., and FREEMAN, J., concur.