HOUSEHOLD FINANCE CORPORATION III, Plaintiff-Appellee, v. ROBERT A. VOLPERT *et al.*, Defendants-Appellants.

First District (6th Division)   No. 1—90—2293

Opinion filed March 13, 1992.

David M. Laz, of Wheaton, for appellant Robert A. Volpert.

Richard A. Kamerman, of Elmhurst, for appellee Household Finance Corporation III.

A. Donald Baumgartner, of Des Plaines, for appellee Zbigniew Sztukowski.

Samuel H. Levine, of Harold I. Levine, Ltd., of Chicago, for appellees Radomir Delic and Gordana Delic.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Robert A. Volpert, appeals from an order of the circuit court of Cook County which denied his motion to vacate judgment of

foreclosure and quash service by publication. The sole issue on appeal is whether plaintiff, Household Finance Corporation, demonstrated "due inquiry" in attempting to personally serve defendant before serving by publication.

On November 14, 1988, Household Finance filed a complaint to foreclose the mortgage on the house owned by defendant at 5751 N. Odell in Chicago. The sheriff's return indicates that defendant was not served. On January 18, 1989, the trial court entered an order appointing a special process server, Randy Kadet. The two unnotarized returns from Kadet, dated March 1 and April 11, 1989, indicate that defendant was not found either at the Odell address or at "Mind Over Matter" at 5483 N. Northwest Highway in Chicago. On March 16, 1989, plaintiff filed an affidavit for service by publication which stated that upon "due inquiry defendant cannot be found so that process cannot be served." On March 17, 24 and 31, 1989, service was made by publication. On May 24, 1989, upon plaintiff's motion, the trial court entered an order of default and judgment of foreclosure against defendant.

More than six months later, on January 12, 1990, defendant filed a motion to vacate judgment and quash service by publication. Defendant's motion challenged the validity of the special process server's return, but did not raise the question of whether due inquiry had been made. In the motion and attached affidavit, defendant stated that he had resided at 5751 N. Odell since 1979. On June 13, 1990, pursuant to a sheriff's sale, the property was sold to a third-party, Zbigniew Sztukowski, who subsequently conveyed it to Radomir and Gordana Delic. (Sztukowski and the Delics have filed briefs in support of plaintiff's position.) On July 26, 1990, after a hearing, the trial court found that "service was properly attempted" and denied defendant's motion. This appeal followed.

Initially, we note that at oral argument before this court defendant conceded that the special process server's unnotarized return of service does not render it void. Therefore, the only issue for our review is whether plaintiff established "due inquiry" to personally serve defendant before serving by publication.

■■ Section 2—206 of the Code of Civil Procedure allows service by publication in actions affecting property. (Ill. Rev. Stat. 1989, ch. 110, par. 2—206.) The statute requires plaintiff to file an affidavit showing that defendant "on due inquiry cannot be found *** so that process cannot be served upon him," and "stating the place of residence of the defendant, if known," or that upon "diligent inquiry" defendant's place of residence cannot be ascertained. (Ill. Rev. Stat.

1989, ch. 110, par. 2—206.) A defendant may challenge such affidavit by filing an affidavit showing that upon due inquiry he could have been found. (*First Federal Savings & Loan Association v. Brown* (1979), 74 Ill. App. 3d 901, 393 N.E.2d 574.) Upon defendant's challenge, plaintiff must produce evidence establishing due inquiry. (*Eckberg v. Benso* (1989), 182 Ill. App. 3d 126, 537 N.E.2d 967.) Upon review of the record, we conclude that the trial court's determination that plaintiff established due inquiry was not against the manifest weight of the evidence.

■ The record reveals the following facts surrounding plaintiff's attempts at personal service of process on defendant. The deputy sheriff attempted service nine times between November 28 and December 7, 1988. The sheriff's return indicates that when the deputy sheriff initially attempted service, he learned that defendant gets home "around 7:00 p.m." The return shows that five of the eight subsequent attempts to serve defendant at the Odell address were made at 7 p.m. or later. The sheriff's return also indicated as follows: "Lights on—car in drive—won't answer door." Kadet's two returns, dated March 1 and April 11, 1989, reflect that defendant was not found at the Odell address or at "Mind Over Matter," a business address which apparently was a possible place of service of defendant. In his sworn affidavit filed in February 1990, Kadet stated that he made "repeated attempts during the day, night and weekend, but was unable to serve defendant." His affidavit indicated that although the house appeared occupied, no one answered the door. Finally, the affidavit of Roger Lance, plaintiff's keeper of records, stated that he determined from reviewing the file that the Odell address was defendant's last known address, and that he learned from plaintiff's attorney that neither the sheriff nor the private process server was able to serve defendant there. In our view, plaintiff's efforts fulfilled the due inquiry requirement.

Plaintiff made repeated attempts over a four-month period to serve defendant at the Odell address, which defendant's affidavit confirmed was his residence. (*Cf. City of Chicago v. Leakas* (1972), 6 Ill. App. 3d 20, 284 N.E.2d 449 (service void for lack of due inquiry where process server drove to address of service and concluded that building was empty without exiting car).) Moreover, the sheriff's return and Kadet's affidavit suggest that someone was home, but refused to answer. Based upon the foregoing, we cannot say that the trial judge's determination was against the manifest weight of the evidence.

We reject defendant's contention that "due inquiry" as a matter of law requires plaintiff to make inquiry of defendant's neighbors when defendant cannot be located. In this regard, we find defendant's reliance on *Bell Federal Savings & Loan Association v. Horton* (1978), 59 Ill. App. 3d 923, 376 N.E.2d 1029, and *Hartung v. Hartung* (1881), 8 Ill. App. 156, misplaced. In *Bell*, a mortgage foreclosure action, plaintiff served defendants by publication after filing an affidavit stating that upon "due inquiry" defendants could not be found. Plaintiff never attempted personal service on defendant. Instead, plaintiff claimed that its reliance on a title report comment that the property "was vacant but appeared to be habitable" constituted "due inquiry." This court disagreed, describing plaintiff's attempts as "no more than a cursory inquiry." (*Bell*, 59 Ill. App. 3d at 928, 376 N.E.2d at 1033.) In so deciding, we noted that plaintiff failed to locate defendant among neighbors or ascertain where defendant worked. Similarly, in *Hartung*, this court concluded that "diligent inquiry" to ascertain defendant's address required plaintiff to inquire of neighbors. *Bell* and *Hartung* are inapposite here, however, because plaintiffs in those cases did not know where defendants resided. Plaintiff here, by contrast, knew that defendant lived at the Odell address and made repeated attempts to serve him there. This is not a case where plaintiff failed to make "diligent inquiry" to ascertain defendant's place of residence as required by the publication statute. Ill. Rev. Stat. 1989, ch. 110, par. 2—206; *cf. City of Chicago v. Pittsburgh National Bank* (1988), 169 Ill. App. 3d 933, 523 N.E.2d 1130; *City of Rockford v. Lemar* (1987), 157 Ill. App. 3d 350, 510 N.E.2d 128.

We also reject defendant's argument that plaintiff's failure to ascertain and attempt service at defendant's workplace renders the service by publication void. Defendant cites no authority for this proposition, and his affidavit did not state that plaintiff could have located him at his place of employment. Nor did the record indicate whether or where defendant was working at the time of service by publication. *Cf. First Federal Savings & Loan Association v. Brown* (1979), 74 Ill. App. 3d 901, 393 N.E.2d 574.

We note that although the trial court found defendant guilty of *laches*, we decline to address this issue in light of our conclusion that service was proper.

In summary, we believe that plaintiff made a well-directed effort to serve defendant in conformance with section 2—206. We find that the trial court's determination in this regard was consistent with the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN, P.J., and LaPORTA, J., concur.