# Illinois Official Reports

## Appellate Court

***Springfield Coal Co. v. Illinois Workers' Compensation Comm'n*,
2016 IL App (4th) 150564WC**

| | |
|---|---|
| Appellate Court Caption | SPRINGFIELD COAL COMPANY, LLC, Appellant, v. THE ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Thomas Hoff and Michael W. Frerichs, State Treasurer and *ex officio* Custodian of the Rate Adjustment Fund, Appellees). |
| District & No. | Fourth District<br>Docket No. 4-15-0564WC |
| Filed | October 31, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 14-MR-1323; the Hon. Leslie J. Graves, Judge, presiding. |
| Judgment | Circuit court judgment vacated; appeal dismissed. |
| Counsel on Appeal | Julie A. Webb, Kenneth F. Werts, and Brittany N. Meeker, of Craig & Craig, LLC, of Mt. Vernon, for appellant.<br><br>Bruce Wissore, of Culley & Wissore, of Harrisburg, for appellees. |
| Panel | JUSTICE HUDSON delivered the judgment of the court, with opinion.<br>Presiding Justice Holdridge and Justices Hoffman, Harris, and Stewart concurred in the judgment and opinion. |

**OPINION**

¶ 1    Respondent, Springfield Coal Company, LLC, appeals from the judgment of the circuit court of Sangamon County, which confirmed in part and set aside in part the decision of the Illinois Workers' Compensation Commission (Commission) awarding benefits to claimant, Thomas Hoff, pursuant to the Workers' Occupational Diseases Act (Act) (820 ILCS 310/1 *et seq.* (West 2008)). We find that the circuit court did not have jurisdiction to review the Commission's decision where claimant's written request for summons was file-stamped after the 20-day filing period set forth in section 19(f)(1) of the Act (820 ILCS 310/19(f)(1) (West 2014)), and he failed to file proof of mailing the written request for summons in the circuit court within 20 days after he received the Commission's decision. For this reason, we vacate the decision of the circuit court and dismiss the appeal.

¶ 2                                I. BACKGROUND

¶ 3    The facts necessary to the resolution of this case are not in dispute. Claimant began working as a coal miner in the late 1970s. Claimant's last mining shift was in January 2008, at respondent's Crown III mine. On April 27, 2009, claimant filed an application for adjustment of claim, seeking benefits under the Act for injuries allegedly resulting from the inhalation of coal mine dust while working for respondent. Following a hearing, an arbitrator concluded that claimant established that he suffers from coal workers' pneumoconiosis and that his disablement occurred within two years of the date of last exposure to the hazards of the disease. See 820 ILCS 310/1(f) (West 2008). Although the arbitrator rejected claimant's request for a wage-differential (820 ILCS 305/8(d)(1) (West 2008); see also 820 ILCS 310/7 (West 2008) (providing that the Act incorporates the recovery provisions of the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 2008)), he awarded claimant 50 weeks of permanent partial disability (PPD) benefits, representing a 10% loss of the person as a whole (820 ILCS 310/7, 8(d)(2) (West 2008)).

¶ 4    Both parties sought review of the arbitrator's decision before the Commission. In a unanimous decision, the Commission affirmed and adopted the arbitrator's decision. A copy of the Commission's decision was received in the office of claimant's attorney on October 20, 2014. Claimant then sought judicial review of the Commission's decision in the circuit court of Sangamon County pursuant to section 19(f) of the Act (820 ILCS 310/19(f) (West 2014)). To this end, on October 21, 2014, claimant mailed to the Commission a notice of intent to file for review in the circuit court. The notice of intent was file-stamped by the Commission on October 24, 2014. Claimant also submitted a written request for summons to the clerk of the circuit court, which was file-stamped on November 12, 2014.

¶ 5    On December 5, 2014, respondent filed in the circuit court a motion to quash the summons. In the motion, respondent argued that the circuit court lacked jurisdiction to entertain claimant's action for judicial review because it was filed more than 20 days after the Commission's decision was received by claimant's attorney. See 820 ILCS 310/19(f)(1) (West 2014). Claimant responded to the motion, arguing that he fulfilled the jurisdictional requirement for filing an action for judicial review of a decision of the Commission by mailing all of the necessary documents to the clerk of the court within 20 days of his attorney's receipt of the decision. Claimant attached several exhibits to his response, including a cover letter executed by claimant's attorney and the affidavit of Amy Edwards, an administrative assistant

in claimant's attorney's office. The cover letter, dated November 5, 2014, is directed to the clerk of the circuit court. In the cover letter, claimant's attorney states that he enclosed the original and one copy of the request for summons, the original and six copies of the summons, and payment to cover the filing costs. Edwards' affidavit was notarized on December 30, 2014. In the affidavit, Edwards states that on November 5, 2014, she mailed to the clerk of the circuit court claimant's written request for summons and summons "with prepaid postage by placing same in the post office box located at 101 W. Church Street, Harrisburg, IL 62946 at approximately 4:25 p.m." Claimant also filed with the circuit court a "Motion for Leave to File Out of Time," in which he asked to supplement the record with Edwards' affidavit.

¶ 6 On January 20, 2015, the parties appeared before the circuit court regarding the parties' motions. At the conclusion of the proceeding, the circuit court entered an order denying respondent's motion to quash and allowing claimant's motion for leave to file out of time. On the merits of claimant's action for judicial review, the circuit court set aside the Commission's PPD award and substituted a wage-differential in its stead, but otherwise confirmed the decision of the Commission. Thereafter, respondent initiated the instant appeal.

¶ 7 II. ANALYSIS

¶ 8 On appeal, respondent first argues that the circuit court did not have jurisdiction to review the Commission's decision where claimant failed to file proof of mailing the written request for summons in the circuit court within 20 days after he received the decision. Claimant responds that he fulfilled the jurisdictional requirement for filing an action for judicial review of a decision of the Commission by mailing all of the necessary documents to the clerk of the circuit court within 20 days of his attorney's receipt of the Commission's decision.

¶ 9 While Illinois courts are courts of general jurisdiction and are presumed to have subject-matter jurisdiction, this presumption does not apply to workers' compensation proceedings. See *Residential Carpentry, Inc. v. Kennedy*, 377 Ill. App. 3d 499, 502 (2007); *Sprinkman & Sons Corp. of Illinois v. Industrial Comm'n*, 160 Ill. App. 3d 599, 601 (1987). Rather, on appeal from a decision of the Commission, the circuit court obtains subject-matter jurisdiction only if the appellant complies with the statutorily mandated procedures set forth in the Act. See *Residential Carpentry, Inc.*, 377 Ill. App. 3d at 502. "[T]o vest the courts with jurisdiction to review Commission decisions, strict compliance with the provisions of the Act is necessary and must affirmatively appear in the record." *Illinois State Treasurer v. Workers' Compensation Comm'n*, 2015 IL 117418, ¶ 15; see also *Jones v. Industrial Comm'n*, 188 Ill. 2d 314, 320 (1999).

¶ 10 Before proceeding further, we note that the parties disagree as to the appropriate standard of review. Respondent asserts that the inquiry regarding whether the circuit court has subject-matter jurisdiction to review an administrative decision presents a question of law subject to *de novo* review. *Illinois State Treasurer*, 2015 IL 117418, ¶ 13. Claimant contends that the appropriate standard of review depends on whether the circuit court held an evidentiary hearing as to its jurisdiction. Citing *Household Finance Corp. III v. Volpert*, 227 Ill. App. 3d 453, 456 (1992), claimant maintains that where an evidentiary hearing is conducted, the circuit court's determination is reviewed for an abuse of discretion. Conversely, claimant asserts that when the circuit court determines jurisdiction solely on the basis of documentary evidence, a *de novo* standard of review is applied. *Equity Residential Properties Management Corp. v. Nasolo*, 364 Ill. App. 3d 26, 31 (2006). According to claimant, the

standard of review in this case is abuse of discretion, since the circuit court held an evidentiary hearing on January 20, 2015.

¶ 11   It is well established that issues involving questions of subject-matter jurisdiction under the Act are reviewed *de novo*. See, *e.g.*, *Illinois State Treasurer*, 2015 IL 117418, ¶ 13 (addressing whether Illinois State Treasurer was required to file an appeal bond to obtain judicial review of a decision of the Commission); *Farris v. Illinois Workers' Compensation Comm'n*, 2014 IL App (4th) 130767WC, ¶ 46 (noting that the jurisdictional requirements set forth in the Workers' Compensation Act are questions of law subject to *de novo* review). Despite this authority, claimant insists that an abuse-of-discretion standard of review applies in this case. As noted above, in support of this position, claimant directs us to two principal cases, *Household Finance Corp. III*, 227 Ill. App. 3d 453, and *Equity Residential Properties Management Corp.*, 364 Ill. App. 3d 26.

¶ 12   We are puzzled by claimant's reliance on *Household Finance Corp. III* and *Equity Residential Properties Management Corp.* for several reasons. First, neither of these cases concerned review from an administrative decision. Second, unlike the instant case, neither case involved whether the appellant complied with any statutorily required prerequisites for the circuit court to obtain subject-matter jurisdiction. The issue in *Household Finance Corp. III* was whether the plaintiff established "due inquiry" to personally serve the defendant before effectuating service by publication pursuant to section 2-206 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, ¶ 2-206). *Household Finance Corp. III*, 227 Ill. App. 3d at 454. *Equity Residential Properties Management Corp.* presented a similar issue, *i.e.*, whether the plaintiff conducted an adequate investigation into the defendant's whereabouts, thereby entitling it to forego personal service and rely on constructive service by posting pursuant to section 9-107 of the Forcible Entry and Detainer Act (735 ILCS 5/9-107 (West 2004)). Third, and most important, neither *Household Finance Corp. III* nor *Equity Residential Properties Management Corp.* provide for an abuse-of-discretion standard. The standard of review employed in *Household Finance Corp. III* was manifest weight of the evidence. *Household Finance Corp. III*, 227 Ill. App. 3d at 455-56. In *Equity Residential Properties Management Corp.*, the court stated that it would review the circuit court's ruling *de novo* because "it was based entirely on documentary evidence." *Equity Residential Properties Management Corp.*, 364 Ill. App. 3d at 31. However, the court did not indicate what standard of review it would apply if the circuit court's ruling had been based on more than just documentary evidence. Given that the cases cited by claimant do not support the application of an abuse-of-discretion standard, and in light of prior precedent from both the supreme court and this court, we find that *de novo* review is appropriate in this case.

¶ 13   Parenthetically, we point out that, even assuming that the appropriate standard of review depends on whether the circuit court held an evidentiary hearing, claimant's suggestion that the circuit court's ruling on the jurisdictional issue was entered following such a hearing finds no support in the record. In the notice of hearing accompanying the motion to quash, respondent stated that it would appear before the court to argue the motion on January 20, 2015. The docketing order from January 20, 2015, which is the only order in the record pertaining to the proceeding on that date, merely provides that the parties were present with their attorneys and that the trial court denied the motion to quash and allowed the motion for leave to file out of time. The docketing order does not indicate that the trial court considered anything more than documentary evidence in rendering its decision. Moreover, a transcript of

the January 20, 2015, proceeding was not made a part of the record, so we do not know what evidence, if any, was presented to the court on that date. Based on this record, *de novo* review would be appropriate in this case even if the appropriate standard of review depended on whether the circuit court held an evidentiary hearing as to its jurisdiction. See *Stein v. Rio Parismina Lodge*, 296 Ill. App. 3d 520, 523 (1998) (applying *de novo* review where circuit court did not hear any testimony on jurisdictional issues). With the appropriate standard of review determined, we now turn to the merits.

¶ 14        At issue is whether claimant complied with section 19(f)(1) of the Act (820 ILCS 310/19(f)(1) (West 2014)), which sets forth the requirements for seeking judicial review of a decision of the Commission. Section 19(f)(1) provides in relevant part as follows:

> "(f) The decision of the Commission acting within its powers *** shall, in the absence of fraud, be conclusive unless reviewed in this paragraph hereinafter provided. ***

> (1) Except in cases of claims against the State of Illinois ***, the Circuit Court of the county where any of the parties defendant may be found ***, shall by summons to the Commission have power to review all questions of law and fact presented by such record.

> A proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission. The summons shall be issued by the clerk of such court upon written request returnable on a designated return day, not less than 10 or more than 60 days from the date of issuance thereof, and the written request shall contain the last known address of other parties in interest and their attorneys of record who are to be served by summons. Service *** shall be made upon the Commission and other parties in interest by mailing notices of the commencement of the proceedings and the return day of the summons to the office of the Commission and to the last known place of residence of other parties in interest or their attorney or attorneys of record. The clerk of the court issuing the summons shall on the day of issue mail notice of the commencement of the proceedings which shall be done by mailing a copy of the summons to the office of the Commission, and a copy of the summons to the other parties in interest or their attorney or attorneys of record and the clerk of the court shall make certificate that he has so sent such notices in pursuance of this Section, which shall be evidence of service on the Commission and other parties in interest." 820 ILCS 310/19(f)(1) (West 2014).

Thus, in order to perfect jurisdiction in the circuit court, the appellant must file a written request for summons within 20 days after receiving the Commission's decision. 820 ILCS 310/19(f)(1) (West 2014); *Esquivel v. Illinois Workers' Compensation Comm'n*, 402 Ill. App. 3d 156, 159-60 (2010).

¶ 15        In this case, a copy of the Commission's decision was received in the office of claimant's attorney on October 20, 2014. The twentieth day after October 20, 2014, was Sunday, November 9, 2014. Therefore, claimant had until Monday, November 10, 2014, to file a written request for summons with the circuit court. See 820 ILCS 310/19.1 (West 2014) (noting that the time within which any act is required to be performed under the Act shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday). Claimant's written request for summons was file-stamped on

November 12, 2014, more than 20 days after claimant's attorney received the Commission's decision. Thus, on its face, it was untimely. However, in *Gruszeczka v. Illinois Workers' Compensation Comm'n*, 2013 IL 114212, ¶¶ 23, 28, the supreme court held that the request for summons filed in the circuit court to commence review of the Commission's decision is the functional equivalent of a notice of appeal and a party may rely on the mailbox rule when it appeals the Commission's decision to the circuit court.

¶ 16     To determine whether the mailbox rule applies to vest jurisdiction in the circuit court, we examine the relevant rules of our supreme court. Illinois Supreme Court Rule 373 (eff. Sept. 19, 2014) states in relevant part:

"Unless received after the due date, the time of filing records, briefs or other papers required to be filed within a specified time will be the date on which they are actually received by the clerk of the reviewing court. If received after the due date, the time of mailing, or the time of delivery to a third-party commercial carrier for delivery to the clerk within three business days, shall be deemed the time of filing. Proof of mailing or delivery to a third-party commercial carrier shall be as provided in Rule 12(b)(3) ***."

Because claimant's written request for issuance of summons was received after the due date, we look to Illinois Supreme Court Rule 12(b)(3) (eff. Sept. 19, 2014). That rule states that in case of service by mail, service is proved "by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the document in the mail or delivered the document to a third-party commercial carrier, stating the time and place of mailing or delivery, the complete address which appeared on the envelope or package, and the fact that proper postage or the delivery charge was prepaid." Ill. S. Ct. R. 12(b)(3) (eff. Sept. 19, 2014). Our supreme court has noted that without proof of mailing on file, there is nothing in the record to establish the date the document was timely mailed so as to confer jurisdiction upon the circuit court. See *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 216 (2009).

¶ 17     In this case, it is undisputed that when claimant's written request for summons was received and filed by the circuit court on November 12, 2014, it was not accompanied by a certificate of attorney, or affidavit of another person, stating the time and place of mailing, the complete address which appeared on the envelope, and the fact that proper postage was prepaid. See Ill. S. Ct. R. 12(b)(3) (eff. Sept. 19, 2014). Thus, claimant failed to comply with the proof-of-mailing requirement set forth in Rule 12(b)(3), and the circuit court lacked jurisdiction to consider his appeal.

¶ 18     Claimant contends that because his written request for summons was accompanied by a cover letter, it was sufficient for purposes of Rule 12(b)(3). We disagree. The cover letter was not accompanied by any certification or affidavit, and nothing is certified or sworn to. Moreover, the cover letter does not state the time and place of mailing, the complete addresses which appeared on the envelopes, and the fact that proper postage was prepaid. Under similar circumstances, a cover letter was deemed insufficient as proof of mailing under Rule 12(b)(3). See *Secura Insurance Co.*, 232 Ill. 2d at 216 (explaining that "[t]he cover letter contains only a date, which, at best, indicates that it *may* have been mailed on that date" (emphasis added)). Claimant also contends that Edwards' affidavit is sufficient to comply with the proof-of-mailing requirement set forth in Rule 12(b)(3). Again, we are compelled to disagree. Edwards' affidavit was not filed with the written request for summons. Rather, it was executed on December 30, 2014, more than 50 days after the written request for summons was allegedly mailed. Hence, at the time the written request for summons was filed, there was nothing in the

- 6 -

record to establish whether the document was timely filed. Therefore, we find that claimant failed to comply with the proof-of-mailing requirement in Rule 12(b)(3) and the circuit court was not vested with jurisdiction to hear claimant's appeal.

¶ 19    Claimant acknowledges that, as a general rule, the failure to strictly comply with the requirements of section 19(f)(1) deprives the circuit court of subject-matter jurisdiction over the appeal. See *Illinois State Treasurer*, 2015 IL 117418, ¶ 15; *Jones*, 188 Ill. 2d at 320-21. In an attempt to salvage his claim, however, he observes that the Illinois Supreme Court has found that, under certain circumstances, *substantial* compliance with the requirements of section 19(f)(1) has been found sufficient to vest the circuit court with subject-matter jurisdiction. In support of this proposition, claimant directs us to *Jones*, 188 Ill. 2d 314.

¶ 20    *Jones* addressed an issue regarding language in section 19(f)(1) of the Workers' Compensation Act (820 ILCS 305/19(f)(1) (West 1996)), which provided that "no request for a summons may be filed and no summons shall issue" unless the party seeking judicial review exhibits to the clerk of the circuit court proof that the probable cost of preparing the record of proceedings has been paid to the Commission. Proof of payment is demonstrated by filing a receipt showing payment or an affidavit of the attorney setting forth that payment has been made. 820 ILCS 305/19(f)(1) (West 1996). In *Jones*, the claimant's attorney received the Commission's decision on October 25, 1996. The claimant initiated judicial review of the Commission's decision on November 8, 1996, by filing a request for summons with the circuit court. The summons was issued the same day. On November 14, 1996, the claimant's attorney filed an affidavit with the clerk of the circuit court stating that payment of the probable cost of preparing the record had been made to the Commission. At issue in *Jones* was whether the circuit court obtained subject-matter jurisdiction over the appeal from the Commission when the party seeking review filed a request for summons in the circuit court within the required 20-day period and exhibited proof of payment for the probable cost of the record within the same 20-day period, but exhibited the proof of payment *after* filing the request for summons. *Jones*, 188 Ill. 2d at 316. The supreme court answered this inquiry in the affirmative. *Jones*, 188 Ill. 2d at 324-27. Claimant maintains that, pursuant to *Jones*, he substantially complied with section 19(f)(1), thereby conferring jurisdiction upon the circuit court. However, the claimant in *Jones* timely complied with the requirements of section 19(f)(1), albeit not in the correct sequence. Here, in contrast, there was a complete failure to comply with the requirements of section 19(f)(1), since claimant did not timely file with the circuit court his written request for summons. Thus, *Jones* is distinguishable.

¶ 21    Claimant also cites to *Curtis v. Perkins Insurance Co.*, 105 Ill. App. 3d 561 (1982), and *Kimbrough v. Sullivan*, 131 Ill. App. 2d 313 (1971), for the proposition that substantial or partial compliance with Rule 12(b)(3) is sufficient to vest jurisdiction in the circuit court. In *Curtis*, the defendant filed a motion to dismiss the plaintiff's action. Along with the motion, the defendant submitted a "certificate" signed by a non-attorney as proof of service. At issue in *Curtis* was whether the proof of service conformed to the requirements of Rule 12(b)(3), given that it was in the form of a "certificate" instead of an affidavit and it was not signed by an attorney. The court noted that the plaintiff did not allege that he was prejudiced or harmed by the failure of the proof of service to conform to the requirements of Rule 12(b)(3). *Curtis*, 105 Ill. App. 3d at 566. As such, the court determined that "the deficiency in the proof of service of which plaintiff complains had no substantial effect on the disposition of the case below" and "amount[ed] to harmless error." *Curtis*, 105 Ill. App. 3d at 566-67. In *Kimbrough*, the proof of

service on a motion for default judgment did not set forth the place of mailing or the fact that proper postage was prepaid. The court found that these defects, standing alone, would not warrant reversal. *Kimbrough*, 131 Ill. App. 2d at 317. Both *Curtis* and *Kimbrough* are distinguishable. In those cases there was a defect in the form of notice, whereas in this case there was a complete failure to comply with Rule 12(b)(3), since claimant failed to file proof of mailing the written request for summons in the circuit court within 20 days after he received the Commission's decision. See *Secura Insurance Co.*, 232 Ill. 2d at 217. Additionally, the supreme court has declined to apply harmless-error analysis under circumstances such as those present here. *Secura Insurance Co.*, 232 Ill. 2d at 217.

¶ 22    Claimant also asserts that courts in Illinois have allowed parties to "perfect the record" after the time for filing has passed if the defect is "minimal." In support of this proposition, claimant directs us to *Berry v. Industrial Comm'n*, 55 Ill. 2d 274 (1973), and *Lee v. Industrial Comm'n*, 82 Ill. 2d 496 (1980).

¶ 23    *Berry*, like *Jones*, involved the provision in section 19(f)(1) of the Workers' Compensation Act requiring proof of payment of the probable cost of the record on appeal prior to the issuance of summons. At the time *Berry* was decided, section 19(f)(1) provided that proof of payment is shown by exhibiting to the clerk of the circuit court a receipt showing payment to the Commission. In *Berry*, the claimant timely filed a *praecipe* for *certiorari* (the statutory predecessor of the request to issue summons) with the clerk of the circuit court. Subsequently, he forwarded to the Commission a check for the probable cost of the record on appeal. At the time he filed the *praecipe*, the claimant did not physically exhibit to the clerk of the court a receipt from the Commission showing payment of the estimated cost of the record. However, he did tender to the clerk a copy of the transmittal letter sent to the Commission with the payment. Moreover, prior to issuing summons, the clerk telephoned the Commission to verify that the payment had been made in a timely fashion. The circuit court eventually received the receipt showing payment of the probable cost of the record to the Commission, but this occurred outside of the statutory 20-day period. Under these facts, the supreme court ruled that the requirements of section 19(f)(1) had been satisfied. *Berry*, 55 Ill. 2d at 277-78.

¶ 24    *Lee* involved the form of the bond that must be filed pursuant to section 19(f)(2) of the Workers' Compensation Act (Ill. Rev. Stat. 1977, ch. 48, ¶ 138.19(f)(2)). The bond at issue in *Lee* was signed by one of the two respondents as principal and by the other as surety. The claimant moved to dismiss the respondents' appeal to the circuit court, arguing they were improperly acting in both capacities and that a bond in proper form was jurisdictional. The circuit court allowed the motion to dismiss. The respondents then submitted a motion to vacate the order quashing the writ of *certiorari* accompanied by a subsequent tender of bond with the two respondents as principals and a third party as surety. The circuit court rejected the respondent's motion and the accompanying bond. On appeal, the supreme court held that, although the form of the original bond was "irregular," the irregularity did not defeat the circuit court's jurisdiction. *Lee*, 82 Ill. 2d at 498-99. The supreme court remanded the matter to the circuit court with directions that it determine the sufficiency of the second bond. *Lee*, 82 Ill. 2d at 501. If the bond was found sufficient, the circuit court was ordered to consider the merits of the appeal. *Lee*, 82 Ill. 2d at 501.

¶ 25    *Berry* and *Lee* are distinguishable for the same reasons as *Jones*, *Curtis*, and *Kimbrough*. In both *Berry* and *Lee*, compliance with the statutory requirements was timely done even though irregular in some aspect. In *Berry*, for instance, although the claimant did not exhibit proof of

payment of the probable cost of the record to the court, the clerk verified that the payment was timely made prior to issuing summons. In *Lee*, the original appeal bond, although irregular, was timely filed. As noted above, here, claimant's written request for summons was file-stamped after the 20-day filing period set forth in section 19(f)(1) of the Act, and he failed to file proof of mailing the written request for summons in the circuit court within 20 days after he received the Commission's decision. Given claimant's complete lack of compliance with both section 19(f)(1) of the Act and Rule 12(b)(3), we cannot categorize the defects in this case as "minimal."

¶ 26    Claimant insists that this is not a case "where a party omitted an essential step in the appeal process, thereby divesting the circuit court of notice and jurisdiction," because the Commission and parties were notified of the appeal by the notice of filing the appeal on October 21, 2014, and the issuance of the summons by the circuit court, which occurred on November 19, 2014. We disagree as claimant did "omit[ ] an essential step in the appeal process." Significantly, he did not timely tender his written request for summons, and he has not demonstrated proof of mailing within the statutorily mandated time frame, thereby divesting the circuit court of jurisdiction to consider his appeal. Claimant also insists that a finding that the circuit court lacked jurisdiction would elevate form over substance and run contrary to the principle that "doubts as to the timeliness of appeals should be resolved so to favor review in the appellate court." *In re Marriage of Morse*, 143 Ill. App. 3d 849, 853 (1986). In this case, however, there is no "doubt" as to the timeliness of claimant's appeal. The record clearly establishes that claimant's written request for summons was file-stamped by the circuit court more than 20 days after his attorney received the Commission's decision, and he failed to timely comply with the proof-of-mailing requirement in our supreme court rules. As the supreme court has admonished, "the appellate court does not have the authority to excuse the filing requirements of the supreme court rules governing appeals." *Secura Insurance Co.*, 232 Ill. 2d at 217-18. Thus, we are without authority to excuse claimant's noncompliance.

¶ 27                              III. CONCLUSION
¶ 28    In short, the circuit court lacked jurisdiction to review the Commission's decision where claimant's written request for summons was file-stamped after the 20-day filing period set forth in section 19(f)(1) of the Act and he failed to file proof of mailing the written request for summons in the circuit court within 20 days after he received the Commission's decision. Accordingly, we vacate the judgment of the circuit of Sangamon County as having been entered in the absence of subject-matter jurisdiction, thereby reinstating the Commission's decision, and dismiss the instant appeal.

¶ 29    Circuit court judgment vacated; appeal dismissed.